HOWARD et al., Respondents, v. NEWLON et al., Defendants; FOSTER, Appellant.

(No. 8,204.)

(Submitted June 2, 1941. Decided June 6, 1941.)

[114 Pac. (2d) 272.]

*Mr. J. M. Lexcen,* for Appellants, submitted a brief, and argued the cause orally.

*Mr. C. T. Sanders,* for Respondents, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Defendant B. P. Foster appeals from a judgment in a quiet title and partition suit by which plaintiff H. L. Howard was decreed the owner of certain real estate in the town of Fairview, Montana. In his amended complaint plaintiff deraigned his title and showed that he was the successor in interest to Richland county, Montana, which acquired the property by a tax deed issued to it on August 2, 1932. The appealing defendant claimed title by quitclaim deed from the former owners, L. E. Newlon and wife, dated February 19, 1940, and attacked the validity of the tax deed, alleging as an affirmative defense that the county's notice for application of tax deed named $1,036.25 as the amount payable to redeem and "that such amount as set out in said Application for Tax Deed was not the correct amount of taxes, interest and penalties actually due on said property * * * ." Defendant prayed that he be adjudged the owner of the property as against plaintiff. The reply controverted the allegations of the affirmative defense, and trial was had before the court without a jury.

The court made specific findings of fact and conclusions of law which were introduced by an order in which it said:

"The defendant, Foster, asserts, however, that the deed is a nullity because the notice required to be given as a condition precedent to the issuance of the deed stated that a greater amount was owing for taxes, interest, etc., than was in fact owing; and that, therefore, the deed is a nullity. Our Supreme Court so held in a number of cases, among which is *Shubat* v. *Glacier County*, 93 Mont. 160, 18 Pac. (2d) 614.

"For present purposes we shall assume that the deed in question was defective in that respect. But that is of no avail to defendant Foster: This because of the provisions of Chapter 79 of the Laws of 1933 (sec. 2214.1, Revised Codes 1935, as amended [see sec. 2214.2]), and the decision of our supreme court in the case of *Martin* v. *Glacier County*, 102 Mont. 213, 56 Pac. (2d) 742. In that case our court passed squarely upon

this question and held that the Legislature may, by a curative Act, do the very thing of which complaint is here made. . Therefore, defendant Foster acquired no interest whatsoever to the property in question by virtue of the deed from Newlons, and now has no interest therein.''

The court's findings of fact were that the notice of application for tax deed was mailed and published showing $1,036:25 due, that no redemption was made, that valid tax deed duly issued to the county, and that with the exception of dower interests not material here the plaintiff had by certain conveyances succeeded to the county's title. The conclusions of law and the decree were in accordance therewith.

There were a number of named defendants in addition to all unknown claimants, but only the defendant Foster has appealed. No bill of exceptions is included in the record.

The only specification of error is one of law, namely: ''The court erred in holding that Chapter 79, Laws of 1933, as amended, validated the defective notice of tax deed and the tax deed based thereon.'' In his specification the appellant assumes that it was proved by him and found by the court that the notice was defective in its statement of the amount due. As the respondents state in their brief that ''the amount in the notice of application for a tax deed was incorrectly stated,'' and as they do not challenge the appellant's assumption with regard to either the proof or the finding, we shall accept the assumption also and shall proceed to dispose of the law question tendered. Whether the alleged error was one cent or a thousand dollars does not appear in the record, but it appeared from the oral argument to have been three dollars.

Appellant contends that the curative Act, Chapter 79 of the ██ Session Laws of 1933, could not cure the error for the reason that such result would be in violation of Article III, section 27 of the Constitution of Montana. However, as stated by the trial court, the question has been decided adversely to appellant's contention in *Martin* v. *Glacier County,* 102 Mont. 213, 56 Pac. (2d) 742. In that case the notice named $83.08 as the

amount necessary to redeem, although the correct amount was apparently only $82.43. The court found that the notice was in fact given in manner and mode provided by law, that the owner had notice of the application and made no attempt to redeem, and that the error in naming the amount was not a jurisdictional matter which could not be remedied by the subsequent curative statute. We feel constrained to follow that authority, since the amount necessary to redeem is governed by statute and is a matter of public record, so that the error in naming the amount could not have prevented the redemption and thus in effect have deprived him of the benefit of the notice. A different question would be presented if the defense were that a tender of the proper amount had been made by the owner and rejected; but under the circumstances of this case the remedial Act cures the defect, as held in *Martin* v. *Glacier County,* supra.

The judgment is affirmed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.