STOICAN, Respondent, *v.* WASHBURN et al., Defendants; STROMNES et al., Appellants.

(No. 8,178.)

(Submitted November 25, 1941. Decided December 22, 1941.)

[120 Pac. (2d) 426.]

Cause submitted on briefs of counsel.

*Mr. E. J. Stromnes,* for Appellants.

*Mr. Jess L. Angstman,* for Respondent.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Respondent, whose title to the property in question rests on a quitclaim deed from Hill county, brought this suit in the district court of that county to quiet title to that property. Hill county's title rested on a tax deed it obtained on October

28, 1936. From a judgment in respondent's favor this appeal is taken.

But one substantial question appears in this matter. The notice of application for the tax deed was made on August 24, 1936, and in that notice it is recited that the amount due the county for taxes, penalty, interest, etc., is computed as of August 31, 1936, or a date seven days later than the date of the notice. It is appellants' contention that the provisions of section 2209, Revised Codes, are mandatory, and that by reason of the facts here the notice does not comply with the statute.

No discussion of this point, however, is necessary, as Chapter 94, Session Laws of 1939, was in effect at the time this action was brought. (See, also, Chapter 132, Laws of 1937.) These chapters were enacted for the purpose of validating tax deeds theretofore issued even though there might be some defect in the notice, particularly where the notice of the application for tax deed fails to state correctly the amount due. They have the same effect as Chapter 79 of the Laws of 1933, considered by this court in *Howard* v. *Newlon, ante,* p. 189, 114 Pac. (2d) 272. What is there said is controlling here.

Other defects in the notice of application for tax deed and its service are suggested in the brief of appellants, but it is sufficient to say that, should it be granted that statute has not been strictly complied with as to them, the defects, if any, are of such a nature as to come within the provisions of the tax deed validation statutes heretofore cited.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.