B. KESSELHEIM, INC., Respondent, *v.* COCKLIN et al., Appellants.

(No. 8428.)

(Submitted January 13, 1944. Decided May 5, 1944.)

[148 Pac. (2d) 945.]

*Mr. H. Leonard DeKalb,* and *Mr. Louis B. Schwartz,* of the Bar of Minneapolis, Minnesota, for Appellants, submitted an original and a reply brief; *Mr. DeKalb* argued the cause orally.

*Mr. Oscar O. Mueller,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Plaintiff owns the surface title (more accurately described as the entire ownership except for minerals and mining rights), and also an undivided one-half interest in the mineral title to all the land in question in this suit, by conveyances from former owners. By like conveyance the defendant trustees, transacting business as the ''Mineral Holding Trust'', own the other undivided one-half interest in the mineral title to all the property unless, as to about one-half of the acreage, they lost their title through a tax deed taken by the county, of which plaintiff is now the successor in interest.

The sole issue, therefore, is whether, as to the acreage in question, the tax deed transferred to the county the defendants' undivided one-half interest in the minerals and mining rights.

By its quiet title decree, the trial court held that the tax deed did divest defendants' mineral interest, and the defendants have appealed.

The validity of a tax deed depends upon compliance with the statute authorizing its issuance. The record shows without controversy that no affidavit was filed with the county treasurer showing service of notice of application for the tax deed, as required by section 2212, Revised Codes. That section provides as follows: ''No deed of the property sold at delinquent tax sale must be issued by the county treasurer, or any other officer, to the purchaser of the property, until after such purchaser shall have filed with the treasurer, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit must be filed by the treasurer as other files, papers, and records kept by him in his office. * * *''

There can be no question that the effect of the statute is to empower the treasurer to issue the deed only upon the filing with him of the required affidavit, and the court has repeatedly and uniformly so held. (*Cullen* v. *Western Mortgage & Warranty Title Co.*, 47 Mont. 513, 134 Pac. 302; *Harrington* v. *Mc-*

152

*Lean,* 70 Mont. 51, 223 Pac. 912; *Gallash* v. *Willis,* 90 Mont. 148, 300 Pac. 569; *Sanborn* v. *Lewis & Clark County,* 113 Mont. 1, 120 Pac. (2d) 567; *Jensen Livestock Co.* v. *Custer County,* 113 Mont. 285, 124 Pac. (2d) 1013, 140 A. L. R. 658.)

The tax deed having been issued by the treasurer without authority and being therefore void, it is unnecessary to consider the other questions raised as to its effect if valid.

The decree is reversed with directions to the trial court to modify the same so as to adjudge defendant trustees the owners of an undivided one-half interest in and to the minerals and mining rights in all the lands in question. Appellants are entitled to their costs on this appeal.

Associate Justices Erickson, Anderson, Morris and Adair concur.

Rehearing denied May 31, 1944.