CAVITT, Appellant, *v.* SEIRSON Et Al., Respondents.

No. 8632

Submitted September 18, 1946. Decided December 23, 1946.

175 Pac. (2d) 67

Mr. E. J. McCabe, of Great Falls, and Mr. Cedor B. Aronow and Mr. W. M. Black, Co. Atty., both of Shelby, for appellants.

Mr. D. W. Doyle, of Conrad, for respondents.

MR. JUSTICE MORRIS delivered the opinion of the Court.

This is an action to quiet title to two tracts of land in Toole county. The first tract mentioned in the complaint is described as follows: The West half (W½) of Section Twenty-seven (27), Township Thirty-four (34) North of Range Three (3) East, State of Montana, County of Toole. The second tract is described as The Northwest Quarter (NW¼) of Section Twenty-eight (28), Township Thirty-four (34) North of Range Three

(3) East, M. P. M.   The action as to the last mentioned tract was not contested, and judgment was for the plaintiff as to that quarter section, but judgment was against the plaintiff as to the half section first above described and in favor of the original owners, John C. and Helen N. Klas, husband and wife. The plaintiff claims title through a tax deed from Toole county. On petition of the plaintiff the court made and entered an order, pursuant to the provisions of section 2214, Revised Codes of 1935, commanding Klas and wife to show cause why they should not deposit in court $481.05 as and for ''the sum of all taxes, interest and penalties which would have accrued if said property had been regularly and legally taxed'' as the property of the defendants, and in addition to that sum, the further sum of $800, to be paid the plaintiff for preserving and improving the property in the event the defendants were successful in the action.

In the tax deed conveying the land to the plaintiff, Toole county reserved six and one quarter per cent. of all oil, gas and minerals in the land involved and the defendants Klas and wife, after interposing a general demurrer to the complaint and answering generally, filed a cross-complaint against Toole county in order to foreclose any interest the county might have in the land and mineral rights.   Defendants further filed an ''affidavit of merits'' pleading excusable neglect in not resisting the order to show cause in due course commanding the defendants to pay into court the amounts heretofore mentioned, and setting forth reasons why the $800 for improving and preserving the property should not be allowed.   The court refused to relieve the defendants from the obligation to pay the plaintiff the $800 demanded.   The plaintiff appealed from the judgment in favor of the defendants, and the defendants filed a cross-appeal from the court's order commanding them to pay into court the $800 heretofore mentioned.

The four assignments of error specifed, all challenge the sufficiency of the pladings and the evidence to sustain the findings of the court and the decree denying plaintiff's prayer to have

quiet title to the land. Such findings as were made are incorporated in the decree, the pertinent part of such findings being as follows:

"That the plaintiff has failed to sustain the allegations of his complaint as against the defendants John C. Klas and Helen N. Klas.

"That each and all of the allegations of the cross-complaint of the defendants, John C. Klas and Helen N. Klas are true and correct."

It will be remembered the cross-complaint relates to the claim of Toole county relative to the six and one-fourth per cent. of the mineral rights reserved by the county in its tax deed to the plaintiff.

The defendants resist the demands of the plaintiff on four grounds: (a) They contend that "there is no proof in the record of the filing of an affidavit of proof of the giving of the notice of the application for the tax deed in the office of the county treasurer" pursuant to the provisions of section 2212, Revised Codes; (b) that the tax deed is void for the reason that notice of application therefor "was not filed immediately in the office of the recorder after such notice of application was given;" (c) that the deed is void because the notice of application for the deed does not show when the time for redemption would expire; and (d) that neither the application nor the affidavit made in support thereof requiring the deposit of the $800, was sufficient to warrant the court in making the order commanding such deposit be made.

As to contention (a): Section 2212, Revised Codes of 1935, in so far as pertinent here, provides: "No deed of the property sold at a delinquent tax sale must be issued by the county treasurer, or any other officer, to the purchaser of the property, until after such purchaser shall have filed with the treasurer, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, * * *".

The notice mentioned in section 2212 is the notice provided

for by section 2209, Revised Codes of 1935. That is, the notice of intention to apply for the tax deed. The record shows that the notice of intention to apply for the tax deed was given but it fails to show whether or not the county clerk made and filed with the county treasurer the affidavit required by section 2212. Defendants contend that such proof not appearing in the record the county treasurer was without authority to issue the tax deed. In support of this contention the following cases are cited: B. Kesselheim, Inc. v. Cocklin, 116 Mont. 150, 148 Pac. (2d) 945; Gallash v. Willis, 90 Mont. 148, 300 Pac. 569; Jensen Livestock Company v. Custer County, 113 Mont. 285, 124 Pac. (2d) 1013, 140 A. L. R. 658; Harrington v. McLean, 70 Mont. 51, 223 Pac. 912; Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 134 Pac. 302.

We held in the Kesselheim case that "The validity of a tax deed depends upon compliance with the statute authorizing its issuance." This of course, must be conceded, as the power to issue tax deeds is derived solely from the statutes. We further said in that case that "there can be no question that the effect of the statute is to empower the treasurer to issue the deed only upon the filing with him of the required affidavit, * * *". This is also an essential act the performance of which it is idle to question. It is not, however, the filing of the affidavit that is involved in the case at bar but the failure of the plaintiff to have the proof of such filing appear in the record of the action.

Counsel for plaintiff admitted in the oral argument on appeal that this defect exists in the record but insists that the presumptions set out in subsections 15 and 33 of section 10606, Revised Codes of 1935, cure that defect. Such presumptions respectively provide:

"15. That offiical duty has been regularly performed."

"33. That the law has been obeyed."

"A presumption is a deduction which the law expressly directs to be made from particular facts." Sec. 10602, Rev. Codes.

And a disputable statutory presumption is controlling if un-

contradicted (Renland v. First Nat. Bank, 90 Mont. 424, 4 Pac. (2d) 488), and "The statute commands that it must be followed if uncontroverted" (McMahon v. Cooney, 95 Mont. 138, 144, 25 Pac. (2d) 131, 133), and that, "until the contrary is shown, it is presumed that offical duty has been regularly performed". State v. Tesla, 69 Mont. 503, 508, 223 Pac. 107, 108. There is a modification of this rule, however, which is to the effect that a presumption must be grounded upon an established fact and cannot be grounded upon another presumption. See Kern v. Payne, 65 Mont. 325, 211 Pac. 767; First National Bank v. Sorenson, 65 Mont. 1, 210 Pac. 900. We think the necessary facts upon which the presumptions mentioned in subsections 15 and 33 of section 10606 may be grounded are established by the following verified recitals in the record:

In section 2213, Revised Codes of 1935, and in the body of such deed as it appears in the record, are these words, "and the said grantee has given the necessary notice of application for tax deed as required by law." Accompanying this entry in the record is the acknowledgment of the county treasurer of Toole county, taken under oath before the county clerk, all done pursuant to the statute, and the seals of both the county treasurer and the county clerk are shown to have been attached to the instrument as copied in the record, and the record copy is also certified by the county clerk under his official seal and over the signature of this officer he certifies that the deed as copied in the record "is a true, complete and correct copy of the original on file in my office."

It appears that the deed was filed for record "Oct 21, 1941, at 9:13 o'clock A. M." The copy of the deed appears in the record as "Plaintiff's Exhibit 1," and such ·exhibit was received in evidence without objection. Insertion in the record of the form of the deed taken from the book of deeds in the office of the clerk and recorder, and its correctness certified to as here, its admission without objection was as good evidence of the contents of the deed as the deed itself. We think this part of the record made in the lower court establishes facts suf-

ficient prima facie to sustain the statutory presumptions heretofore mentioned. In our opinion the record so made establishes the fact that the affidavit required by section 2212 was made and filed with the county treasurer in accordance with the law.

It must be remembered that when the plaintiff's tax deed was offered and received in evidence, he thereby established a prima facie case under his pleadings, and the burden was then upon the defendants to overcome the case so made. The defendants failed to overcome that burden. Miner v. Cook, 87 Mont. 500, 288 Pac. 1016; Smith v. Whitney, 105 Mont. 523, 74 Pac. (2d) 450; Cook v. Rigney, 113 Mont. 198, 126 Pac. (2d) 325.

Defendant's contention (b) is that the deed is void for the reason that "notice of application therefor was not filed immediately in the office of the recorder." Section 2209, Revised Codes of 1935, provides in part that: "The purchaser of property sold for delinquent taxes or his assignee· must, at least sixty (60) days, previous to the expiration of the time for redemption or at least sixty (60) days before he applies for a deed, serve upon the owner of the property purchased, if known, and upon the person occupying the property, if the said property is occupied, and, if the records in the office of the county clerk and recorder show an unreleased mortgage or mortgages upon the property purchased, upon the mortgagee or mortgages, or if assigned, upon the assignee or assignees of said mortgage or mortgages, a written notice, stating that said property, or a portion thereof, has been sold for delinquent taxes, giving the date of sale, the amount of property sold, the amount for which it was sold, the amount due, and the time when the right of redepmtion will expire, or when the purchaser will apply for a tax deed, and the owner of the property, or· the mortgagee, or the assignee of said· mortgagee has the right of redemption indefinitely until such notice has been given and the deed applied for, upon the payment of fees, percentages, penalties and costs required by law. Notice of

any owner, mortgagee or assignee of mortgagee shall be given by registered letter addressed to such mortgagee or assignee at the post office address of said owner, mortgagee or assignee as disclosed by the mortgage records in the office of the county clerk and recorder. In case of unoccupied property, or a mining claim, such notice must be by registered mail deposited in the post office, addressed to any known owner residing in or outside of said county with the postage thereon prepaid, at least sixty (60) days before the expiration of the time for redemption, or at least sixty (60) days before the purchaser applies for such tax deed, in addition to notice to the mortgagee or assignee of mortgagee in the manner, and as hereby is provided; provided, that in all cases where the post office address of the owner, mortgagee, or assignee is unknown, the applicant shall publish once a week for two (2) successive weeks in a newspaper published in the county where the property is situated, a notice substantially in the following form;'' Then follows the form of notice of application for tax deed which the statute requires. The section further provides:

''The first publication of such notice must be made at least sixty (60) days before the date of redemption or application for said deed. In all cases due proof of service of notice in whatever manner given, supported by the affidavit required by law, must be filed immediately with the clerk and recorder of the county in which the property is situated, and be kept as a permanent file in his office, and such proof of notice when so filed shall be prima facie evidence of the sufficiency of the notice.''

The proof mentioned in the last paragraph of section 2209 must be made by the party who shall have given the notice of intention to apply for the tax deed or by some one in his behalf.

Final publication of the notice in the instant case was made August 7, 1941, and the proof was filed in the office of the clerk and recorder September 26, 1941. There is no suggestion that anyone was injured by the delay of the 50 days in-

tervening between the final publication and the filing of notice in the office of the clerk and recorder and if no one be injured by the delinquency of another, no right of action would exist. Failing to file the notice for fifty days is not a diligent compliance with the statute but it does not appear that injury resulted from the delay and we will not hold the lack of diligence in the premises affected the substantial rights of the defendants. To do so would be to sacrifice substance for form.

As to defendants' contention (c) to the effect that the notice of application for the tax deed does not show when the time for redemption would expire, counsel is in error as to this. The date of expiration appears as part of the notice recorded in the office of the clerk and recorder and is shown in the record on appeal at page five thereof. We think that the plaintiff was entitled to prevail in the lower court and such being our conclusion, defendants' contention (d) based upon his cross-appeal relative to the deposit of $800 by the defendants need not be considered.

In view of what we have just said in the preceding paragraph, we deem it unnecessary to consider the effect of the statute of limitation of one year mentioned in section 2214, relied upon by plaintiff or the change made therein, by implication, by Chapter 100 of the 1943 Session Laws.

The judgment of the lower court is reversed and the cause is remanded with instructions to revoke the decree made and entered in favor of the defendants and enter judgment for the plaintiff and for Toole county as the latter's interest may appear.

Mr. Chief Justice Lindquist and Mr. Justice Cheadle (concurring in result).

We concur in the result reached in the opinion of Associate Justice C. F. Morris. However, we believe that the statutory presumptions and the evidence in the case merely establish prima facie that the affidavit required by section 2212 was made and filed with the county treasurer.

Mr. Justice Angstman (specially concurring in result).

I agree with the result in the foregoing opinion except as it treats of the effect of failure to file proof of service with the county clerk *immediately* after service made as provided in section 2209, Revised Codes.

I think section 2209, requiring proof of service to be filed *immediately* is not mandatory. I think that provision of the statute is optional or permissive only. It gives the purchaser at a tax sale the privilege of filing this proof immediately and if he does so he thereby establishes a permanent record which under the statute, "shall be prima facie evidence of the sufficiency of the notice."

If the purchaser desires to make this permanent record and have available to him the prima facie evidence of the sufficiency of the notice he must then file the proof of service immediately. If he does not desire this permanent record available as prima facie evidence, he need not file any proof of service with the county clerk but of course must file such proof in all cases with the county treasurer before he is entitled to a deed. Sec. 2212, Rev. Codes of 1935.

The statute (sec. 2209) I think, specifies the benefits to be derived by filing this proof *immediately* and in effect imposes as the only penalty for not doing so the fact that the prima facie record of sufficiency of notice is not available .to the purchaser.

The dissenting opinion of Mr. Justice Adair stresses the fact that curative statutes cannot cure jurisdictional matters. I concede that proposition but it has no application here. The majority opinion, so far as it deals with the affidavit of service filed with the county treasurer, is based upon the statutory presumptions that official duty has been regularly performed and that the law has been obeyed. Subds. 15 and 33, sec. 10606, Rev. Codes. Unlike the curative statutes those presumptions are not conclusive but rebuttable. They made a prima facie case casting the burden on the party asserting that the affidavit was not filed to so show.

Furthermore, in my opinion, if there were any merit in the

position taken by Mr. Justice Adair we should not under the facts before us declare the tax deed void.

Here it is shown by affidavit that the required affidavit was actually filed with the county treasurer before the tax deed was issued. That proof was not presented to the trial court and hence is properly not a part of the record of the case on appeal. However, I think the affidavit may be resorted to as showing "good cause" under section 8805, Revised Codes, why we should order a new trial or the taking of further evidence in the court below, rather than pronounce the deed void.

Mr. Justice Adair (dissenting).

The tax deed dated October 16, 1941, from C. O. Dunstall, county treasurer of the county of Toole, in the state of Montana, *grantor* to the county of Toole, state of Montana, *grantee* contains the recital:

"Whereas, no redemption from said sale has been made, and the said grantee has given the necessary Notice of Application for Tax Deed, *as required by law * * *"*

Section 2212, Revised Codes, is a protective or curative statute and the law is that, "Curative statutes are particularly applicable to irregularities in action, but they are ineffectual where want of authority or jurisdiction to act is lacking. Jurisdictional defects cannot be cured." Gates v. Morris, 123 W. Va. 6, 13 S. E. (2d) 473, 476, 134 A. L. R. 791. "The validity of a tax deed depends upon compliance with the statute authorizing its issuance." B. Kesselheim, Inc. v. Cocklin, 116 Mont. 150, 151, 148 Pac. (2d) 945.

The recital that the grantee has given the necessary notice of application for tax deed, *"as required by law"* is in the nature of a mere conclusion of law which imports no validity to the tax deed. Rush v. Lewis & Clark County, 37 Mont. 240, 95 Pac. 836, affirming on rehearing, 36 Mont. 566, 93 Pac. 943; See also, Henderson v. White, 69 Tex. 103, 5 S. W. 374; Land v. Banks, Tex. Com. App., 254 S. W. 786, 30 A. L. R. 1; Brown v. Hartford, 173 Mo. 183, 73 S. W. 140; Smith v. Funk, 57 Mo. 239; Yankee v. Thompson, 51 Mo. 234; Large v. Fisher, 49 Mo.

307; Howard v. Tollett, 202 Ala. 11, 79 So. 309; Bussenius v. Warden, 71 Cal. App. 717, 236 Pac. 371.

Section 2214, Revised Codes of Montana of 1935, provides that a tax deed "duly acknowledged or proved is (except as against fraud) *conclusive evidence* of all other proceedings from the assessment by the assessor up to the execution of the deed, both inclusive," etc. Such statutes are clearly unconstitutional in so far as they relate to those matters which are jurisdictional in their nature. See the cases cited in the annotation II, subdiv. (b) at page 16 of 30 A. L. R.

The legislature is powerless to enact any valid legislation exempting tax deeds from attack for failure to comply with requirements of a jurisdictional nature, constituting necessary prerequisites to the validity of such tax deed. The enforcement of such legislation would result in the unconstitutional taking of one's property without due process of law. Small v. Hull, 96 Mont. 525, 32 Pac. (2d) 4. It follows, therefore, that the power of the legislature is limited to exempting tax deeds from attack for *irregularities or omissions* in purely *procedural steps* which *are merely directory* but the legislature is not empowered to exempt tax deeds from attack for irregularities or omissions which are *jurisdictional* and therefore *mandatory*.

The provisions of section 2212, Revised Codes of 1935, are *mandatory* and *prohibitory*. The *mandate* is that the purchaser shall file "with the treasurer" legal written *proof* of the giving of notice of application for tax deed; that such written *proof* be in the form of an affidavit which "such purchaser shall have filed with the treasurer * * * which said affidavit *must* be filed by the treasurer as other * * * papers * * * kept by him in his office."

The *prohibition* is that, "No deed of the property sold at a delinquent tax sale must be issued by the county treasurer * * * until after such purchaser shall have filed with the treasurer, or other officer, an affidavit showing that the notice hereinbefore required to be given has been given as herein required, * * *." Sec. 2212, Rev. Codes of 1935.

The filing with the treasurer of the required proof in affidavit form is a jurisdictional prerèquisite to the issuance of a tax deed or to the cutting off of the right of redemption. For this reason protective or curative statutes such as sections 2213 and 2214, Revised Codes of Montana of 1935, do not operate to protect the tax deed from attack for the want of such notice or jurisdictional *proof*. Farris v. Anaconda Copper Min. Co., D. C. 31 F. Supp. 571; Swanson v. Campbell, 129 Minn. 72, 151 N. W. 534; Russel v. Di Furia, 83 Misc. 169, 145 N. Y. S. 640; Gates v. Morris, supra.

Respecting the statutory proof of service of notice of application for tax deed, the last sentence of section 2209, Revised Codes of Montana, 1935, provides: "In *all cases* due proof of *service of notice* * * * supported by the affidavit required by law, *must be filed immediately* with the clerk and recorder of the county in which the property is situated, and be kept as a permanent file in his office, and such proof of notice when so filed shall be prima facie evidence of the sufficiency of the notice." It is apparent that it is "proof of *service* of notice" that "must be filed immediately with the clerk and recorder" and that it is such "proof of *service* of notice" to which the statute has reference when it states that "such proof [of service] of notice when so filed shall be prima facie evidence of the sufficiency of the [service of the] notice."

"All" includes everything and excludes nothing. "All cases" therefore includes every case and excludes no case of any kind or character.

A tax deed issued without strict compliance with the statute requiring the filing with the treasurer of the prescribed affidavit is void. B. Kesselheim, Inc., v. Cocklin, supra.

The mere fact that a tax deed was issued by the treasurer is not evidence, either conclusive, prima facie nor presumptive, tending in any wise or manner to establish that the purchaser has complied with the provision of the statute requiring the filing with the treasurer of the required jurisdictional affidavit.

Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 134, Pac. 302.

And as against such void deed the curative statute affords no protection. Sanborn v. Lewis & Clark County, 113 Mont. 1, 120 Pac. (2d) 567; Kerr v. Small, 112 Mont. 490, 117 Pac. (2d) 271; Stoican v. Washburn, 112 Mont. 603, 120 Pac. (2d) 426.

"There can be no question that the effect of the statute is to empower the treasurer to issue the deed *only upon the filing with him* of the required affidavit, and the court has repeatedly and uniformly so held." B. Kesselheim, Inc. v. Cocklin, supra. Emphasis mine. The filing of the affidavit with the treasurer is jurisdictional. No affidavit, no deed. In other words, no affidavit filed with the treasurer spells no authority, power or jurisdiction in him to issue the tax deed.