LOWERY, Appellant, *v.* GARFIELD COUNTY, et al., Respondents.

No. 8872
Submitted Jan. 13, 1949. Decided June 24, 1949.
208 Pac. (2d) 478

W. B. Leavitt, Miles City, for appellant. Mr. Leavitt argued orally.

Robert E. Purcell, County Attorney for Garfield County, Jordan, P. F. Leonard, Miles City, and F. F. Haynes, Forsyth, for respondent Carl Harbaugh. Mr. Haynes argued orally.

Ralph J. Anderson, Helena, amicus curiae.

THE HON. F. S. P. FOSS, District Judge sitting in place of Mr. Justice Bottomly, disqualified:

This is an appeal by plaintiff Mit Lowery from a decree quieting title in the defendant Carl Harbaugh to certain real property situate in the defendant Garfield county. The decree adjudges void a tax deed issued to the defendant county and declares plaintiff estopped by the provisions of Chapter 100, Laws of 1943, from maintaining this action.

The complaint, filed April 29, 1946, alleges that plaintiff is the owner of the property; that defendants claim title thereto; that their claims are unfounded and prays for decree quieting title in plaintiff against the two named defendants, there being no joinder of unknown defendants.

Garfield county answered, disclaiming any interest in the property; alleging that all its interest had been conveyed by quit claim deed to defendant Harbaugh prior to the commencement of this action and denying plaintiff's claimed ownership.

As an affirmative defense the county alleges: That on March 10, 1939, it acquired title to the property by tax deed executed and delivered by the Garfield county treasurer for delinquent taxes regularly assessed and sold; that application for tax deed was regularly made and notice of such application regularly given as provided by law; that no redemption from the tax deed was made; that the tax deed was recorded and possession taken forthwith; and that the sale was at public auction to the defendant Harbaugh, subsequent to the recording of the deed and the taking possession of the lands. The county further pleads that plaintiff is estopped and barred from maintaining the action by reason of the provisions of Chapter 100, Laws of 1943.

By separate answer the defendant Harbaugh denied plaintiff's claimed ownership and by way of cross complaint alleges the property was duly and regularly assessed; that it sold for delinquent taxes; that it was purchased by the county and that certificates of tax sale were issued therefor; that no redemption was made; that the county made application for tax deed in the manner required by law; that a tax deed was regularly issued

to the county and recorded in the office of the county clerk and recorder; that the county took possession and thereafter duly sold the property to defendant Harbaugh; that since the issuance of tax deed to it the defendant county and the defendant Harbaugh have been in exclusive, continual and uninterrupted possession of the property and that plaintiff is estopped from asserting title to the real estate involved by reason of Chapter 100, Laws of 1943. Defendant Harbaugh's prayer is for a decree quieting title in him.

In his reply to the separate answer of the defendant county, plaintiff admits the regularity of the assessment for taxes, their delinquency; the sale to Garfield county and that the county made application for tax deed, but denies that the application was in accordance with the statutes and alleges that the tax deed issued to the defendant Harbaugh was void and of no effect for the reason that the affidavit filed in the office of the county treasurer upon which the tax deed was issued was insufficient in that it failed to set forth whether the land was occupied or unoccupied, and if occupied, the name of the occupant thereof, and that if occupied, there was no service upon the occupant. Plaintiff challenges the jurisdiction of the county treasurer to execute the tax deed upon the affidavit filed; admits the recording of the tax deed and the attempted sale by the county to the defendant Harbaugh, but denies the defendant Harbaugh took possession of the property.

In his reply to the answer of the defendant Harbaugh, plaintiff challenges the sufficiency of the affidavit filed in the county treasurer's office to give the county treasurer jurisdiction to execute the tax deed upon the same grounds as set forth in his reply to the county's answer.

A trial was had before the court sitting without a jury, whereat plaintiff introduced as proof of his title: Exhibit A,—deed from Nancy E. Brown, original patentee and record title owner at the time the lands were assessed; Exhibit B,—tax deed dated March 11, 1939, issued by the county treasurer of Garfield county to the defendant Garfield county; Exhibit C,—copy of

notice on the back of which was an affidavit of service filed in the office of the county clerk and recorder, and comprising all of the records in the county clerk and recorder's office relating to the application for a tax deed; Exhibit D,—notice of application for tax deed on the reverse side of which was an affidavit of proof of service upon which the tax deed, Exhibit B, was issued. This was the only affidavit or proof of service relating to the tax deed, Exhibit B, on file in the county treasurer's office and it was upon this affidavit that the tax deed was executed and delivered. This affidavit of proof of service of the application for tax deed did not state whether the lands were occupied or unoccupied, or if occupied the name of the occupant thereof, being entirely silent as to the occupancy. The only reference to said affidavit in relation to the service of the notice of application for tax deed, omitting names and descriptions, is as follows: "That the postoffice address of ———— owner, mortgagee, assignee of mortgage, as disclosed by the records in the Office of the County Clerk and Recorder of Garfield County, Montana, is Jordan, Montana; That on the 19th day of ————, 193— he deposited in the postoffice at Jordan, Montana, with postage prepaid thereon, a registered letter addressed to the said owner, mortgagee, or assignee at the said postoffice address, containing a true and correct copy of the within notice of application for tax deed."

Plaintiff agreed to pay all taxes, delinquent taxes, interest and penalties that the court would direct him to pay in the event the tax deed was set aside. It was stipulated by counsel for the parties that in the event the tax deed was set aside the county treasurer would file a certificate as to the amount of taxes, penalty and interest that might be due.

It was further stipulated that subsequent to the issuance of the tax deed, Exhibit B, the land described therein and involved in this action was conveyed by the defendant, Garfield county, to the defendant, Carl Harbaugh, by contract. With this proof, plaintiff rested.

Defendants introduced evidence showing a sale of the property

by Garfield county to the defendant Harbaugh on contract and deed executed June 5, 1946, pursuant to such contract.

Defendants likewise introduced evidence showing that the defendant county leased the land to one Kirby after the execution of the tax deed; that thereafter and upon sale of the land to him, the defendant Harbaugh entered into possession of the property, building new fences thereon and repairing old ones, and that he continually used the lands in his ranching operations and openly exercised supervision and control over them.

The court made findings of fact to the effect: That on March 10, 1939, at the time the tax deed was issued and for some time prior thereto, Nancy E. Brown was the owner of the real property in question; that thereafter she conveyed to plaintiff and, except only as to an instrument purporting to be a tax deed issued by the county treasurer of Garfield county, Montana, plaintiff is the owner thereof; that the taxes levied and assessed against the said lands for the year 1926 became delinquent; that the taxes for subsequent years were not paid; that on January 5, 1939, Garfield county gave notice of application for a tax deed; that on March 10, 1939, the county treasurer purported to execute to Garfield county a tax deed for the property; that the tax deed was recorded in the office of the county clerk and recorder of Garfield county; that the county clerk of Garfield county filed in his office an affidavit of proof of service of notice of application for a tax deed and filed an affidavit of proof of service of said notice of application in the office of the county treasurer, upon which the county treasurer executed and issued the said tax deed; that except as to dates, the affidavit filed in both the office of the county clerk and the office of the county treasurer are identical both as to form and as to contents; that the affidavit is on the reverse side of the notice of application for tax deed; that neither of the affidavits filed in the office of the county clerk or the office of the county treasurer states whether the lands are occupied or unoccupied, or if occupied, the name of the occupant thereof; that each affidavit or proof of service is entirely silent as to the occupancy; that on or about

July 1, 1941, Garfield county sold the lands under contract to the defendant Harbaugh, who thereupon took possession and ever since said time has remained in possession thereof, making certain improvements thereon and exercising such tenure over them as to impart notice that he claimed adverse title thereto against all persons; that the plaintiff never made any claim of said lands until the commencement of this action on the 29th day of April, 1946; that at that time, more than two years had expired since the enactment of Chapter 100, Laws of 1943, on the 26th of February, 1943; and that in the event the tax deed is set aside plaintiff is able, willing, and has offered to pay all delinquent taxes, penalties and interest due on said lands.

There is ample evidence to support the trial court's findings of fact.

From the findings of fact so made the court made the following conclusions of law, viz.: That the tax deed issued to the defendant county for the lands involved is void; that the claim of the plaintiff to the lands involved is barred by Chapter 100, Laws of 1943; and that the defendant Harbaugh is entitled to a decree quieting title to the lands and enjoining plaintiff from asserting any title hostile to defendants.

Decree in accordance with the conclusions of law was entered, quieting title in the defendant Harbaugh, and enjoining plaintiff from asserting any adverse interest to the property.

The appeal challenges the validity of the tax deed for if the tax deed be valid plaintiff could not prevail on any theory.

However, if the tax deed be void, would Chapter 100, Laws of 1943, then bar plaintiff from maintaining his action?

A tax deed is not derivative. It is not derived from the fee but is antagonistic to it. The tax deed creates a new title in the nature of an independent grant from the sovereignty, extinguishing all former titles and liens not exempted from its operation.

Section 2209, R. C. M. 1935, provides, in part, as follows: "The purchaser of property sold for delinquent taxes must * * * before he applies for a deed, serve upon the owner of the property

purchased, if known, and upon the person occupying the property, if the said property is occupied, * * * a written notice, stating that said property * * * has been sold for delinquent taxes, giving the date of sale, * * * the amount for which it was sold, * * * and the time when the right of redemption will expire, or when the purchaser will apply for a tax deed, and the owner of the property * * * *has the right of redemption indefinitely until such notice has been given* * * *.'' (Emphasis supplied.)

Section 2212, R. C. M. 1935, provides, in part, as follows: ''No deed of the property sold at a delinquent tax sale must be issued by the county treasurer, * * * until after such purchaser shall have filed with the treasurer, * * * an affidavit showing that the notice hereinbefore required to be given has been given as herein required, which said affidavit must be filed by the treasurer as other files, papers, and records kept by him in his office.''

Application for a tax deed is a statutory proceeding and every ▮ requirement of the statute must be fully complied with. Jensen Livestock Co. v. Custer County, 113 Mont. 285, 124 Pac. (2d) 1013, 140 A. L. R. 658; State ex rel City of Great Falls v. Jeffries, 83 Mont. 111, 270 Pac. 638; State ex rel Malott v. Board of County Commissioners, 89 Mont. 37, 296 Pac. 1; Rosebud Land & Improvement Co. v. Carterville Irrigation District, 102 Mont. 465, 58 Pac. (2d) 765; Horsky v. McKennan, 53 Mont. 50, 162 Pac. 376; Kerr v. Small, 112 Mont. 490, 117 Pac. (2d) 271.

Since statutes were first enacted relating to the acquiring of ▮▮ property by tax deed, notice to the occupant of the property has been necessary and the statutes have continued that requirement through the years. It has been and now is essential to know whether the lands were occupied. Where, as here, the affidavit filed with the treasurer makes no reference but is wholly silent as to occupancy, the treasurer cannot ascertain therefrom whether the land is occupied. The filing of an affidavit which meets with the statutory requirements is jurisdictional. Without such affidavit the treasurer is wholly lacking

in power and authority to issue the deed. The defendant Harbaugh, being the grantee of the defendant Garfield county, acquired no greater right in the property than had the defendant county. Harrington v. McLean, 70 Mont. 51, 223 Pac. 912; Martin v. Barbour, 140 U. S. 634, 11 S. Ct. 944, 35 L. Ed. 546.

The statute requiring what notice shall be given and the filing ▮▮▮▮ of the affidavit are a limitation upon the power of the county treasurer to issue the tax deed and render void any deed issued by him unless and until the statutory requirements have been fully complied with. His authority to execute the deed must be shown in and appear upon the face of the affidavit. The giving of the notice is jurisdictional and unless the requirement of the law in respect to such notice is complied with and that fact established by the affidavit filed with the county treasurer the tax deed may not legally issue. The validity of the tax deed depends upon compliance with the statute authorizing its issuance and a tax deed issued by the county treasurer is void where the notice required by the statute is not given. Cullen v. Western Mortgage & Warranty Title Co., 47 Mont. 513, 134 Pac. 302; Gallash v. Willis, 90 Mont. 148, 300 Pac. 569; Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 Pac. (2d) 567; Jensen Livestock Co. v. Custer County, supra; Kesselheim, Inc., v. Cocklin, 116 Mont. 150, 148 Pac. (2d) 945; Small v. Hull, 96 Mont. 525, 32 Pac. (2d) 4.

Richardson v. Lloyd, 90 Mont. 127, 300 Pac. 254, holds a tax title resulting by our statutory method has the same effect in this state as though accomplished through a judgment or a decree of the court.

In Small v. Hull, supra, this court cites with approval Cain v. Ehrler, 36 S. D. 127, 153 N. W. 941, and Lind v. Stubblefield, 138 Okl. 280, 282 Pac. 365, wherein, concerning the notice required for the issuance of a tax deed, it was said, " 'The law, by its terms, gives to the notice the dignity of process of law, and to deprive him of his property, without giving this notice, is to deprive him of his property without due process of law. The giving of this notice is just as much a prerequisite to the issu-

ance of a tax deed that will bar the right of redemption as the service of a summons is a prerequisite to the entry of a valid judgment.' * * *

" 'Notice * * * is analogous to process in the courts; and it is well known that a judgment, even so solemn a document as it is, is absolutely void unless the defendant has been served with process * * * provided by law. Otherwise he is deprived of his property without due process of law. And a judgment is equally as void, where it recites on its face that the defendant has been served with regular process, as any other void judgment, when the judgment roll or the proceedings disclose that the defendant has not been served with process. A judgment of this character is void, absolutely void, and can be stricken down at any time. (Citing case.) The fact that the deed in the present case recited that proper notice was given did not bolster the title. The invalidity of a tax title or the rights of the owner of land must depend upon a more substantial basis than a mere recital in a deed. If certain vital requirements are lacking in a proceeding, their necessity cannot be removed, and a fundamentally defective title cannot be made a good title by simply drafting a good and proper tax deed." [96 Mont. 525, 32 Pac. (2d) 7.]

The right of redemption is given pursuant to the general policy of the law that no man shall forfeit his estate because of his inability to meet enactments on the day prescribed by law for their payment. And the law favorably regards the exercise of such right. The courts have repeatedly reiterated that tax redemption statutes are to be construed liberally in favor of the redemptioner and the exercise of his rights of redemption. The right to redeem is wholly statutory and such statutes are liberally construed.

Section 2209, R. C. M. 1935, accords the owner of the property "the right of redemption indefinitely until such notice has been given." Thus does the statute ground jurisdiction for the issuance of the tax deed on the statutory notice and until it is given the true owner is never foreclosed from challenging the tax proceedings for the lack of notice. The law does not merely require

582

the giving of notice before the tax deed can issue but it specifically extends to the property owner the right of redemption until such notice is given. The right of redemption then becomes a vested property right and one of which the owner cannot be legally deprived except and only in the manner provided by law, namely, by the giving of notice. State ex rel. Bell v. McCullough, 85 Mont. 435, 279 Pac. 246, 66 A. L. R. 1033; Kerr v. Small, supra; Cain v. Ehrler, supra; Small v. Hull, supra.

Respondent argues that at the trial, oral testimony was introduced showing that plaintiff's grantor, being the record title owner at the time of the tax proceedings had, received notice of the application for a tax deed and that plaintiff as her grantee was therefore estopped from challenging the sufficiency of the affidavit or questioning the proceedings.

The procedure followed by the defendants in obtaining the tax deed involved result in the confiscation of property in ex parte proceedings and the due process requirements necessitate a strict compliance with the statutory provisions as to notice and the acquisition of knowledge thereof. Some other and different manner or method is not equivalent to nor can it be made a substitute for the method prescribed by the legislature and set forth in the statute. In determining the sufficiency of tax title proceedings *the records alone can be considered and defects or omissions may not be corrected or supplied by any manner dehors the record.*

The county treasurer does not acquire jurisdiction to issue a tax deed until there has been filed with him an affidavit showing that the notice required by the statute has been fully complied with. The fact of service or his knowledge of it otherwise than through the affidavit is wholly insufficient to invest him with jurisdiction. Jurisdiction arises solely from the affidavit of service. Harrington v. McLean, supra; Kerr v. Small, supra; Jensen Livestock Co. v. Custer County, supra.

The legislature may not do away with due process and notice and it is powerless to enact valid legislation exempting tax deeds from attack for failure to comply with the require-

ments of a jurisdictional nature constituting the necessary prerequisites to the validity of the tax deed. Enforcement of such legislation would result in the unconstitutional taking of one's property without due process of law. Kerr v. Small, supra; Small v. Hull, supra; Marx v. Hanthorn, 148 U. S. 172, 13 S. Ct. 508, 37 L. Ed. 410; Horsky v. McKennan, supra; Cullen v. Western Mortgage & Warranty Title Co., supra; Lindeman v. Pinson, 54 Mont. 466, 171 Pac. 271; Martin v. Glacier County, 102 Mont. 213, 56 Pac. (2d) 742.

In Miller v. Murphy, 119 Mont. 393, 175 Pac. (2d) 182, 191, this court said: "We think it sufficient to say that a curative statute cannot breathe life and validity into void tax deed proceedings or void tax deeds. To hold otherwise would be to hold that a man's property may be taken from him without due process of law. Noncompliance with statute as to notice of sale held not cured by statute making deed conclusive evidence."

The affidavit as set forth in section 2212, R. C. M. 1935 confers jurisdiction upon which the county treasurer is to act in issuing the deed. It is mandatory that the applicant for the tax deed must show by his affidavit whether the property was occupied or unoccupied, and if occupied, that the person the notice was served upon was at the time occupying it. The requirements of the statutory law must be fully met in order to cut off the right of redemption and where, as here, the record shows a glaring omission to comply with those requirements, the right of redemption is not cut off. The affidavit filed with the county treasurer must be explicit. *The county treasurer has no authority to indulge in any presumption with regard thereto. Nothing can be read into it that does not plainly appear therein.* The provisions of the statute are mandatory and absolute and any failure to comply with statutory requirements relative to the affidavit of service will void the tax deed subsequently issued.

The affidavit upon which the tax deed was issued was silent as to occupancy and was therefore insufficient to give the county treasurer jurisdiction to issue the tax deed. Kerr v. Small, supra; Cullen v. Western Mortgage & Warranty Title Co.,

supra; Harrington v. McLean, supra; Kesselheim, Inc., v. Cocklin, supra; Smith v. Huber, 224 Iowa 817, 277 N. W. 557, 115 A. L. R. 131.

At the time of the issuance of the tax deed the right of redemption of the record title owner or his assigns was a vested right. The affidavit being insufficient this right of redemption had not expired and the county treasurer did not have jurisdiction to issue the tax deed. The tax deed in question was a nullity and void. The deed being void, would it give the defendants or either of them any interest in the property involved?

A "void thing" is no thing; it has no legal effect whatsoever and no right whatever can be obtained under it or grow out of it. In law it is the same thing as if the "void thing" had never existed. Mobile County v. Williams, 180 Ala. 639, 61 So. 963.

In Lind v. Stubblefield, supra [138 Okl. 280, 282 Pac. 367], the court said: "When a proceeding is void for one purpose, it is void for all purposes. A void tax deed is like a void judgment, which (to use the language of Justice Ramsey, formerly of this court) is but 'a dead limb upon the judicial tree, which may be lopped off at any time'.". The deed being void it did not give the defendants or either of them constructive possession or the right of actual possession.

The tax deed involved herein being void, a nullity, and of no effect whatsoever in giving the defendants or either of them the right of possession, the recording thereof was in itself not sufficient to sustain Chapter 100 of the Laws of 1943, as a Statute of Limitations. That portion of the statute relating to the recording of a tax deed limiting the time in which an action could be brought relating thereto alone and in itself in so far as it refers to a void tax deed is ineffective and of no effect whatsoever. Small v. Hull, supra.

Under a statute such as ours where the question of possession of the property covered by the tax deed is not provided for, the better reasoned cases hold that the issuance of a tax deed for want of notice of application for the deed does not start the running of the Statute of Limitations.

The Supreme Court of Colorado in Page v. Gillett, 47 Colo. 289, 107 Pac. 290, 291, referring to a short Statute of Limitations on tax deeds said: "This *.* * manifestly means a valid deed, not a void or pretended deed." This particular statute is maintained only for the protection of the holder of a valid tax deed. It is not intended to validate a void deed and is not set in motion by, and does not run in favor, of such an instrument. It is difficult to see how the Statutes of Limitations can well avail a defendant holding a void deed. There is nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion.

In Smith v. Huber, supra, a tax deed was issued upon insufficient notice under a short Statute of Limitations and the court held the statute "applies to a tax deed which is simply voidable and not void." [224 Iowa 817, 277 N. W. 559.]

Lind v. Stubblefield, supra, holds that a deed is void so as to prevent the operation of the short Statute of Limitations when there is a fundamental jurisdictional defect in the proceedings which is either disclosed upon the face of the proceedings or upon the record of the proceedings.

The record title owner or her grantee was the legal owner of the land involved with the right of possession. The holders of the void tax deed, or their grantees, were in adverse possession. That portion of Chapter 100, Laws of 1943, providing that no action could be maintained to assert a title hostile to the grantee of a tax deed would place the grantee or his assigns in the position of acquiring title thereto solely and entirely by adverse possession.

Sections 9018-9026, R. C. M. 1935, relate to acquiring title to real estate by adverse possession, Section 9024 provides: "In no case shall adverse possession be considered established under the provision of any section * * * of this code unless it shall be shown that the land has been occupied and claimed for a period of ten years continuously, and the party or persons, their predecessors and grantors, have, during such period, paid all the taxes, state,

county, or municipal, which have been legally levied and assessed upon said land.''

The purpose of the enactment of section 9024, supra, is to protect land titles in the legal holders thereof against clandestine encroachment by strangers. Adverse possession, generally speaking, is the possession of another's land which, when accompanied by certain acts and circumstances will vest title in the possessor. No matter on what jurisdiction the determination of what constitutes adverse possession may arise, the decisions are practically unanimous in declaring that the possession must be actual, feasible, exclusive, hostile and continuous for the full period of years. In addition thereto the possessor must have paid all taxes legally levied and assessed upon such land during this period. Payment of taxes to prove title by adverse possession is a positive statutory declaration and must be complied with. Laas v. All Persons, 121 Mont. 43, 189 Pac. (2d) 670; Ferguson v. Standley, 89 Mont. 489, 300 Pac. 245; Bearmouth Placer Co. v. Passerell, 73 Mont. 306, 236 Pac. 673; Collins v. Thode, 54 Mont. 405, 170 Pac. 940; Smith v. Whitney, 105 Mont. 523, 74 Pac. (2d) 450; Anderson v. Mace, 99 Mont. 421, 45 Pac. (2d) 771.

Section 26, Article V, of the Constitution of Montana, provides that the legislative assembly shall not pass local or special laws upon some thirty-four enumerated subjects, and then concludes: ''In all other cases where a general law can be made applicable, no special law shall be enacted.''

The object of the prohibition of special or local laws is to prevent a diversity of laws relating to the same subject. A law is not local or special in a constitutional sense that operates in the same manner upon all persons in like circumstances. If a law operates uniformly and equally upon all brought within relation and circumstances for which it provides it is not a local or special law.

''* * * a law in general and uniform in its operation when it applies equally to all persons embraced within the class to which it is addressed; provided such classification is made upon some

natural, intrinsic, or constitutional distinction between the persons within the class and others not embraced within it, but is not 'general,' and it makes an improper discrimination if it confers particular privileges or imposes peculiar disabilities upon a class of persons arbitrarily selected from a larger number of persons all of whom stand in the same relation to the privileges conferred or the disabilities imposed." Leuthold v. Brandjord, 100 Mont. 96, 47 Pac. (2d) 41, 45.

The test of a special law is the appropriateness of its provisions and the objects that it excludes.

" 'A special statute is one which relates to particular persons or things of a class (In re Church, 92 N. Y. 1), or one made for individual cases and for less than a class (Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 Pac. 635), or one which relates and applies to particular members of a class, either particularized by the express terms of the act or separated by any method of selection from the whole class to which the law might, but for such limitation, be applicable (State v. Cooley, 56 Minn. 540, 58 N. W. 150)'." State ex rel. Redman v. Meyers, 65 Mont. 124, 210 Pac. 1064, 1065, quoted with approval in Arps v. State Highway Commission, 90 Mont. 152, 300 Pac. 549, 554; State ex rel. Powell v. State Bank of Moore, 90 Mont. 539, 4 Pac. (2d) 717, 80 A. L. R. 1494.

While a statute is not open to objection merely because it is class legislation, yet, the classification must be reasonable and all members of a given class must receive equal protection. Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, 36 L. R. A., N. S., 1136.

One in possession of real property claiming under a void instrument of conveyance acquires no right or interest in the property against the record title owner, and the general laws governing adverse possession set forth in sections 9018-9026, R. C. M. 1935, apply.

Chapter 100 of the Laws of 1943, has no application even to a class but it assumes to release to particular persons, or particular members of a given class, or it assumes to designate a favored

few within a class by special terms, a limitation upon the time in which an action for adverse possession may be maintained by reducing the requirements of possession by some eight years and eliminating entirely the payment of taxes which we have the general laws fixing a period of limitation for adverse possession. The general laws cited on adverse possession apply to all persons and all classes.

Chapter 100, Laws of 1943, is clearly a special law. It applies to certain persons and individuals and leaves all others in the same circumstances subject to the provisions of the general statute on adverse possession. The right of the legislature to shorten the Statute of Limitations for the period of adverse possession is not questioned but it must apply to all classes claiming adversely and the same requirements during the period of adverse possession must be required of all persons and classes.

The evidence was wholly insufficient to establish title in the defendants by adverse possession since neither the defendants nor their predecessors in interest have been in actual, exclusive, continuous possession for the full period of ten years required by the general statute nor have they ever, at any time, or at all, paid the taxes or offered to pay the taxes legally levied and assessed on the land during the required period of time.

The judgment is reversed and the cause remanded with instructions to quiet title in the plaintiff Mit Lowery upon compliance with the stipulation as to payment of delinquent taxes, penalty and interest.

Mr. Chief Justice Adair and Associate Justice Freebourn, concur.

MR. JUSTICE ANGSTMAN (dissenting):

I think the court's conclusion was correct and that the judgment should be affirmed. I do not agree however that the tax deed is void. It is contended that the deed is void because proof of service of application for the deed did not show service upon the occupant of the property or that the property was unoccupied.

Section 2209, R. C. M. 1935, requires the purchaser of property sold for delinquent taxes to give notice "upon the owner of the property purchased, if known, and upon the person occupying the property, if the said property is occupied * * *."

The affidavit of service in this case does not specifically refer to the question of occupancy. Plaintiff contends that the county treasurer has no jurisdiction to issue a deed under section 2212, R. C. M. unless the affidavit shows that the land is unoccupied, or if occupied, that notice was served upon the occupant. The statute does not state what the affidavit should contain other than that it should show service of notice on those entitled thereto. Sec. 2212, R. C. M. 1935. The statute does not require the affidavit to state whether the land is occupied. To reach the conclusion arrived at in the majority opinion is to read into the statute something that is not there.

Here the land was in fact unoccupied and had been for 15 years prior to the issuance of the tax deed. Notice was actually given to the owner of the property Nancy E. Brown. No one else was entitled to notice. Section 2209, relating to notice, was fully complied with.

The tax deed was issued in March 1939 to Garfield county. It was in proper form and constituted prima facie evidence that notice of application for the deed had been served as required by law. Sec. 2213, R. C. M. 1935, subd. 6.

In July 1945 plaintiff who theretofore was a stranger to the title acquired a quitclaim deed from Mrs. Brown for the stated consideration of $1.00. But in July 1941 the county had already sold the property to defendant Harbaugh which plaintiff well knew when he obtained his quitclaim deed.

The question before us is whether plaintiff or Harbaugh has the superior right.

This court has gone a long way in protecting property owners whose property has been sold for delinquent taxes. But if this tax title is condemned we will be going further than we have ever gone before and I think beyond what the law permits or requires. I agree that our redemption laws should be liberally

construed in favor of the delinquent taxpayer, but this does not mean that they should be rewritten by this court to grant rights not given by statute.

In Small v. Hull, 96 Mont. 525, 32 Pac. (2d) 4, we condemned a tax deed because notice of application for the deed was not served upon the owner. But in that case it was the owner who was complaining. We held too that since the giving of notice was jurisdictional, the action was not barred by the short statute of limitations. In this case Mrs. Brown, the then owner of the property, had notice of application for the tax deed. So far as she was concerned there was no want of jurisdiction to issue the tax deed. Plaintiff is in no different position than Mrs. Brown from whom he purchased long after the tax deed issued.

Kerr v. Small, 112 Mont. 490, 117 Pac. (2d) 271, was also a case where no notice was given to the owner.

It is contended that Jensen Livestock Co. v. Custer County, 113 Mont. 285, 124 Pac. (2d) 1013, 140 A. L. R. 658, compels a holding that this tax deed is void. That case differs from this in important particulars. In that case the evidence showed that the land was occupied when application for the deed was made and that the occupant was not served with notice, and it was the occupant who was complaining and the question was raised before the running of the short statute of limitations. It is shown here that the land was unoccupied. Also I think the affidavit of service in this case prima facie at least, shows that there was no one occupying the land. It recites in part, ''That I caused notice of application for tax deed to be served upon all of the parties interested in the real estate described in said notice.'' Then follows a statement that he caused the notice to be published in the Jordan Tribune, and by registering a letter to Mrs. Brown at Jordan.

The statement that he caused the notice to be served upon all interested parties followed by the statement of publishing and mailing to the owner is tantamount to a statement that the land was unoccupied, for if it were occupied then there would be need for more than mailing and publishing.

The case of Kesselheim, Inc., v. Cocklin, 116 Mont. 150, 148 Pac. (2d) 945, differs from this because there no affidavit at all was filed showing any service of notice of application for tax deed.

I do not believe the owner who had notice is in a position to complain because some imaginary occupant may not have had notice, and particularly should that be so where, as here, it is shown there was no occupant. Compare Milne v. Leiphart, 119 Mont. 263, 174 Pac. (2d) 805. And this plaintiff who received a quitclaim deed from Mrs. Brown acquired no greater rights than Mrs. Brown had. To condemn this tax deed is to sacrifice substance for shadows.

Concluding as I do that the deed was and is valid, it is not necessary to resort to Chapter 100, Laws of 1943, to sustain it.

But if we treat the deed as void as against an occupant who was not served with notice of application for tax deed, I think the court was right in holding that plaintiff's action is barred by Chapter 100, Laws of 1943. It is barred by Chapter 100 unless that chapter is unconstitutional. It is asserted to be unconstitutional as being a special Act in conflict with section 26 of Article V of our Constitution in that it is a special law dealing with a situation ''where a general law can be made applicable.''

The law is general in the sense that it applies to all tax deed property. It is not local but applies to the whole state. The legislature has power to make reasonable classifications. Tonn v. City of Helena, 42 Mont. 127, 111 Pac. 715, 36 L. R. A., N. S., 1136. ''A classification is not open to objection unless it precludes the assumption that the classification was made in the exercise of legislative judgment and discretion.'' Bank of Miles City v. Custer County, 93 Mont. 291, 19 Pac. (2d) 885, 887.

I am not able to say that the legislature acted arbitrarily and without judgment or discretion when it placed tax title property in a class by itself by prescribing a short statute of limitations for those who would assert the invalidity of such titles.

If intending purchasers are assured of a good title the county may obtain more on a sale of such property as it acquires through

tax deeds under section 2235, R. C. M. 1935, and I think the legislature has the discretion to place all tax title property in a class in providing a short statute of limitations.

The majority opinion holds also that the statute of limitations, Chapter 100, Laws of 1943, cannot operate against void deeds. Whether Chapter 100, Laws of 1943, would bar an occupant of the property who did not receive notice of application for the tax deed need not be considered here.

The rule is that only those adversely affected by an unconstitutional act will be heard to question its validity. Pierson v. Hendricksen, et al., 98 Mont. 244, 38 Pac. (2d) 991; State ex rel. Griffin v. Greene, 104 Mont. 460, 67 Pac. (2d) 995, 111 A. L. R. 770; State ex rel. Riley v. District Court, 103 Mont. 576, 64 Pac. (2d) 115.

If there were any such occupant he alone could question the validity of Chapter 100 on the point here considered, viz., that the deed is void because of want of service of notice on the occupant.

Then too the majority opinion seems to hold that Chapter 100, Laws of 1943, is in conflict with section 9024 which requires the payment of taxes in order to obtain title by adverse possession. I know of no principle of law that forbids one legislative assembly from passing a law in conflict with a prior statute. It is being done every day. Also so far as this record shows defendant Harbaugh may have paid the taxes since he acquired the land.

I think the judgment should be affirmed.

MR. JUSTICE METCALF:

I concur in the foregoing dissenting opinion of Mr. Justice Angstman.

Rehearing denied July 18, 1949.