No. 12670

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THOMAS L. MADDEN,
Administrator of the Estate
of Grace G. Madden, deceased,

     Plaintiff and Counter Defendant,

 -vs-

BERNARD J. ZIMMERMAN,

     Defendant and Counter Claimant.

---

Appeal from: District Court of the First Judicial District,
     Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

 For Appellant:

   C. W. Leaphart, Jr., argued, Helena, Montana

 For Respondent:

   Small, Cummins and Hatch, Helena, Montana
   Gregory A. Jackson argued, and Carl A. Hatch,
   appeared, Helena, Montana

---

       Submitted: November 22, 1974

        Decided ᶠᴱᴮ 2 ᵇ 1975

Filed:

*Thomas J. Kearney*
          Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Lewis and Clark County, in a quiet title action brought by Thomas L. Madden, in his capacity as administrator of the estate of Grace G. Madden, deceased, to recover property for the estate conveyed to defendant Bernard J. Zimmerman by a tax deed. Plaintiff Madden appeals from a decree quieting title in defendant Zimmerman.

Grace G. Madden died on September 11, 1969. At the time of her death she was the owner of lots 24 through 32 in Block 36, Lennox Addition to the City of Helena. She left surviving three sons: Lee Madden, James Madden and Thomas L. Madden. Thomas L. Madden was appointed administrator of her estate on October 27, 1969. The address of the administrator indicated on all papers was "In care of C. W. Leaphart, Jr., Montana Club Bldg., Helena, Montana 59601". The residence of Thomas L. Madden was Great Falls, Montana.

An inventory and appraisement was filed for the estate on January 21, 1970, and the above described property was appraised at $9,000. The taxes on the property were delinquent for the years 1967, 1968, 1970 and 1971. The taxes were assessed in the name of Grace Madden in the years 1967, 1971, and 1972 in care of Jerry I. Madden, 1805 Joslyn, Helena, Montana. For the years 1968, 1969 and 1970 they were assessed to her at 1823 Highland, Helena, Montana.

The properties were offered for tax sale by Lewis and Clark County on July 15, 1969; there were no purchasers. The properties were again offered for sale on July 16, 1969 and the properties were struck off to Lewis and Clark County. On March 27, 1972, the county's certificate was sold to defendant Bernard J. Zimmerman for the bid price plus the taxes for the past three years. Within seven days of the receipt of the certificate, defendant made application for tax deed.

The notice of application for tax deed was sent to Grace Madden's address as it appeared on the 1972 records of the county treasurer, the assessor, county classification department and the county clerk and recorder. The letter was returned to sender whereupon it was again mailed to the same address and once again it was returned bearing a stamp of the United States post office which revealed Grace Madden's address unknown, and that she had moved and left no

address.

Defendant Zimmerman then caused to be published notice of application for tax deed, once a week for two successive weeks in the Independent Record, a newspaper published in Helena, Lewis and Clark County, Montana. The notice of application was published April 5 and 12, 1972. Sixty-two days after the last notice was published, Zimmerman applied for the deed and eight days later received it. The application was supported by the filing of an affidavit of proof of service of notice with the county clerk and recorder.

Subsequent to the issuance of the tax deed, plaintiff commenced proceedings to sell the properties and became aware that a tax deed had been issued to defendant Zimmerman. Thereafter plaintiff commenced an action to quiet the title to the properties on February 5, 1973.

Hearing was held before the court, sitting without a jury, on June 28, 1973. Witnesses were called and testimony was taken. Chadwick Smith, Esq., former attorney for defendant, testified that all of the statutory requirements concerning application for tax deed were followed by Zimmerman. Mr. Lee Dickey, chief deputy treasurer of Lewis and Clark County, testified the address and the owner of property are determined by the county treasurer's office by referring to its records, which are taken from the classification department's records, which are in turn taken from the clerk and recorder's records.

Verna Williams of the clerk and recorder's office testified that she was a representative of the office and was the custodian of all records. In addition, she testified that all records in regard to the tax deed were duly filed and recorded in that office. At the hearing all testimony and documents concerning the tax deed were admitted by the court without objection.

Thereafter the court entered its judgment in favor of defendant Zimmerman on November 2, 1973, finding that plaintiff Thomas L. Madden and heirs of Grace E. Madden had no right, title and interest

in and to the properties in dispute. Following the entry of judgment, all documents concerning the tax deed were returned to and filed in the county clerk and recorder's office.

Plaintiff Madden appeals the judgment and presents four issues on appeal. We will discuss the first two issues together.

Appellant argues that improper notice was given by respondent Zimmerman in his application for a tax deed. Section 84-4151, R.C.M. 1947, states that 60 days before applying for a tax deed, the applicant must give notice to the owner by registered mail. Where the post office address of the owner is unknown "the applicant shall publish once a week for two (2) successive weeks in a newspaper published in the county where the property is situate, a notice substantially in the following form * * *."

Respondent sent a registered letter to the address taken from the 1972 records of the county treasurer. When the letter was returned undelivered, it was again mailed with return receipt requested; again it was returned undelivered marked "address unknown". Respondent then published the required notice in the Independent Record once a week for two consecutive weeks as required by section 84-4151, R.C.M. 1947, before applying for the tax deed.

However, appellant argues that the address of the administrator could be determined, as well as the addresses of the heirs of Grace Madden, from the estate file. Also notice to creditors of the estate was published long before the application for tax deed, which should have put respondent on notice that the estate was in probate.

The statute sets forth the notice required by a petitioner for a tax deed, to require more is not within the power of this Court. To require the petitioner to search other or all legal records and to be on notice of all legal publications which may affect title to the property would be onerous. There are numerous land transactions which stand unrecorded in escrow for long periods of time, so what may appear fair and equitable in this case by additional requirements, would over a long period of time become an unequitable burden. Therefore the burden must fall to the taxpayer to keep the

taxing authorities informed of his interest in the land and his current address. Section 84-508, R.C.M. 1947.

Appellant was administrator of the estate for three years and gave no notice to the taxing authorities nor made any attempt to pay the taxes. The statement of this Court in Shaw v. City of Kalispell, 135 Mont. 284, 293, 340 P.2d 523, quoting from Elliott on Roads and Streets, 4th Ed. V. 1, § 363, pp. 420,421, would bear on responsibility of those who have an interest:

> "'Where the statute requires notice to owners of property, it is sufficient, as a general rule, to give notice to those whose titles appear of record. This must ordinarily be the rule in highway cases as well as in other cases, since there is no other method provided by law for ascertaining who are the owners of land, and if the owner by his own carelessness omits to give the legal notice of his title he is so much in fault as not to be entitled to be heard to aver that he was not given notice of the proceedings taken to appropriate the land.'"

Appellant's third issue is whether the creditors of Grace Madden's estate ought to be left with no remedy, as the only opportunity for their claims to be satisfied was from the sale of the assets of the estate. There are no creditors involved in the case before this Court and we will not attempt to evaluate their claims in this Opinion. The statute, however, is quite clear as to the title conveyed under a tax deed. Section 84-4150, R.C.M. 1947, provides:

> "The deed issued pursuant to this act shall convey to the grantee the absolute title to the lands described therein as of the date of the expiration of the period of redemption, free of all encumbrances and clear of any and all claims of all of said defendants to said action, and of all persons claiming under them, except the lien for taxes subsequently attached and other liens and assessments now specified and provided by law."

If the creditors cannot bring themselves within the exceptions to section 84-4150, then they must turn to other assets of the estate in order to gain satisfaction of their claims.

Appellant's final issue is whether the owner's right of redemption was cut short by the application for the tax deed within seven days after the receipt of the tax certificate. He argues

that such application truncated appellant's right of redemption as provided for in section 84-4132, R.C.M. 1947. That section states:

"A redemption of the property sold may be made by the owner, or any party having any interest in or lien upon such property, within thirty-six (36) months from the date of purchase, or at any time prior to the giving of the notice and the application for a deed as provided in this act."

The statute provides a 36 month redemption period from the date of the purchase of the land, and such redemption period may be extended further if the owner of the tax certificate fails to apply for a tax deed at the end of that 36 month period. In fact, after that 36 month period the right of redemption is cut off only by the application for the tax deed. Beckman Bros. v. Weir, 120 Mont. 305, 184 P.2d 347.

Here, the land was purchased July 16, 1969 by Lewis and Clark County by tax certificate. That is the day the period of redemption began to run. Appellant, or any other person who had an interest in the property had 36 months from July 16, 1969, to redeem the property. The fact that respondent bought the tax certificate on March 27, 1972, is immaterial. Respondent's application for a tax deed just seven days after he gained ownership of the certificate in no way prejudiced appellant's right of redemption. The redemption period, but for approximately three months, had already run its course. Appellant made no attempt to redeem the property, but commenced proceedings to quiet the title to the properties on February 5, 1973, well after the final day of redemption. Therefore, appellant lost any right to the property and the district court correctly quieted title in respondent.

The judgment of the district court is affirmed.

_____
Justice

- 6 -

We Concur:

------------------------------------------
    Chief Justice

*Wesley Castles*
------------------------------------------

*Frank I. Haswell*
------------------------------------------

*John Conway Harrison*
------------------------------------------
Justices.