No. 81-152

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

DAVE A. ADKINS,

> Plaintiff, Respondent and
> Counterclaimant and Defendant,

vs.

GERALDINE V. REDEYE and
MARLIN DUANE HUEY,

> Defendants, Appellants and
> Counterclaimants and Plaintiffs.

---

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln
Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

For Appellants:

Oleson Law Firm, Kalispell, Montana
Fennessy, Crocker & Fennessy, Libby, Montana

For Respondent:

Williams & Sverdrup, Libby, Montana

---

Submitted on briefs: September 18, 1981

Decided: December 23, 1981

Filed: DEC 23 1981

*Thomas J. Kearney*
_____
                        Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Marlin Duane Huey and Geraldine V. Redeye, appellants, appeal from judgment entered by the District Court of the Nineteenth Judicial District on January 8, 1981, and from an order denying appellants' motion to amend the findings of fact, conclusions of law and judgment entered on March 10, 1981. The judgment decreed Dave A. Adkins, respondent, the owner in fee simple of the following land in Lincoln County, Montana:

> The Southwest Quarter of the Southeast
> Quarter of Section 4, Township 30 North,
> Range 33 West, M.P.M.

This appeal involves a dispute over title to the above-described 40 acre tract of timberland, originally owned by Phillip Redeye.

Phillip died in an accident in 1955. His estate was probated and a final decree and order was entered in Lincoln County, Montana, on November 23, 1956. This decree and order distributed the 40 acre tract to Phillip's wife, Geraldine V. Redeye (a/k/a Geraldine Huey) and to Phillip's two year old son Marlin Duane Redeye (a/k/a Marlin Duane Huey) as tenants in common. The November 23, 1956 order and decree was filed in the court probate record; however, no copy was ever certified and filed in the office of the Lincoln County Clerk and Recorder.

Guardianship over the estate and person of Marlin Duane was granted to Geraldine by the Montana court. Geraldine and Marlin moved to Washington shortly after Phillip's death. Subsequently, Geraldine petitioned and was granted guardianship of Marlin Duane in the State of Washington.

In 1961, Geraldine petitioned the Montana court to remove the personal property subject to the Montana guardianship. Removal of personal property to the State of Washington was authorized by a court order dated December 8, 1961. This order did not terminate the Montana guardianship.

Tax receipts for the property were mailed by the Lincoln County Treasurer's office to the record title-owner, Phillip Redeye for the years 1956 to 1959 as follows:

| 1956 | Redeye, Phillip<br>Troy, Montana |
|------|----------------------------------|
| 1957 | Redeye, Phillip<br>c/o Geraldine V. Redeye<br>Troy, Montana |
| 1958 | Redeye, Phillip<br>c/o Jacob Redeye<br>Troy, Montana |
| 1959 | Redeye, Phillip<br>c/o Mrs. Geraldine Huey<br>2400 Donovan, Bellingham,<br>Washington |

The record is somewhat unclear as to who made payment of the taxes. Phillip's father, Jacob Redeye, paid the taxes for the year 1957 and received an assignment of tax sale certificate. Apparently, payment of these taxes was subsequently redeemed for Jacob never obtained a tax deed for the property. Geraldine testified that she did not know who had made the tax payments but had assumed that the attorney who had probated Phillip's estate and handled the guardianship proceedings was taking care of such matters.

In 1960, 1961, 1962, 1963, and 1964 no tax payments were made on the 40 acre parcel. On August 10, 1965, Mrs. Dave A. Adkins paid the defaulted taxes and obtained an assignment of tax sales certificate from the Treasurer of Lincoln County.

Thereafter, Dave A. Adkins undertook proceedings to obtain a tax deed. Adkins, via registered mail, sent notice of his application for tax deed to the record title-owner, Phillip Redeye, and also to Mrs. Geraldine Huey. Adkins mailed these notices to the only address available from the County Treasurer's records, 2400 Donovan, Bellingham, Washington. This notice was returned by the postal service marked "Moved -- Not Forwardable."

Adkins then published notice of his application for tax deed in the "Western News," a newspaper of general circulation in Lincoln County, Montana. This publication appeared for two consecutive weeks on the 10th and 17th of February, 1966. Adkins subsequently applied for and received a tax deed to the 40 acres on May 4, 1966.

Thereafter, Adkins used the land. He harvested Christmas trees on occasion and had it selectively logged in 1969. He also pruned and thinned on the property. Adkins continued to pay all taxes on the property as they came due.

On April 5, 1979, Dave Adkins commenced an action to quiet title to the property. Geraldine and Marlin responded and counter-claimed alleging that the tax deed relied on by Adkins was invalid for failure to comply with statutory requirements. Geraldine and Marlin tendered all taxes, penalties, and interest accrued from 1960 to the present.

A trial was held on October 9, 1980. The District Court, sitting without jury, quieted title to the property in Dave A. Adkins.

The parties present the following issues:

1) Whether Dave A. Adkins complied with the statutory requirements necessary to obtain a valid tax deed?

-4-

2) Whether Dave A. Adkins acquired title by adverse possession?

3) Whether the alleged negligence of the attorney who probated the estate of Phillip Redeye and handled the Montana guardianship proceedings precludes Dave A. Adkins from obtaining title to the property?

We find the first issue to be dispositive.

Appellants contend that Adkin's procedure in obtaining a tax deed to the disputed property is deficient for two reasons: First, there was a defect in the tax title chain and, secondly there was insufficient notice to Geraldine and Marlin at the time of application for tax title.

Appellants argue that the party who paid the deficient tax assessments and received an assignment of tax sale certificate on August 10, 1965, was a Mrs. Dave A. Adkins, whereas the party who undertook action culminating in the receipt of a tax deed on May 4, 1966, was Dave A. Adkins. Appellants assert that no evidence was ever presented in this matter establishing a legal relationship between the two parties. Thus, appellants allege a defect in the chain of tax title which necessarily invalidates the title ultimately obtained by Dave A. Adkins.

After reviewing the record in this matter, it is clear that this contention was never raised as an issue in the District Court and cannot now be raised here. Kearns v. McIntyre Const. Co. (1977), 173 Mont. 239, 567 P.2d 433. In fact, appellants' pleadings assert that

> ". . . on the 10th of August, 1965, Minnie
> O. Anderson, Treasurer of Lincoln County,
> Montana, assigned to counterclaimant defen-
> dant (Dave A. Adkins) an assignment of tax
> sales certificate for unpaid property taxes
> owed to said County of Lincoln for the year
> 1960; that on the 4th of May, 1966, said

-5-

> Minnie O. Anderson, Lincoln County Treasurer, executed and delivered a tax deed for said property to counterclaimant defendant (Dave A. Adkins)."

Having admitted these facts, appellants cannot claim on appeal that the chain of title relied upon by Dave A. Adkins in obtaining his tax deed was not sufficiently proven.

Appellants also contend that Adkins failed to comply with the statutory requirements, for obtaining a valid tax deed because Adkins did not give appellants proper notice as required in 1966 by Section 84-4151, R.C.M., 1947 (presently codified as Section 15-18-202, MCA). Therefore, appellants claim that Adkins' tax deed is invalid and that they are entitled to redeem the property by paying all taxes, penalties, and interest accrued from 1960 to present.

Section 84-4151, R.C.M., 1947, provides in pertinent part:

> "The purchaser of property sold for delin-quent taxes . . . must, at least sixty (60) days previous to the expiration of the time for redemption, or at least sixty (60) days before he applies for a deed, serve upon the owner of the property purchased, if known . . . a written notice . . . and the owner of the property . . . has the right of re-demption indefinitely until such notice has been given . . . In all cases where the post-office address of the owner . . . is unknown, the applicant shall publish once a week for two (2) successive weeks in a newspaper pub-lished in the county where the property is situated, a notice substantially in the follow-ing form . . ."

This Court has consistently held that the statutory requirements for obtaining a tax deed must be fully satisfied. Lowery v. Garfield County (1949), 122 Mont. 571, 208 P.2d 478. The court in Lowery also stated that:

> "The giving of the notice is jurisdictional and unless the requirement of the law in respect to such notice is complied with and that fact established by the affidavit filed with the county treasurer the tax deed may not legally issue." 122 Mont. at 580, 208 P.2d at 483.

With this in mind we turn to the notice given in this case.

Adkins first attempted service of his notice of application for tax deed by mailing registered letters containing such notice to the address and names listed on the 1959 tax receipt records of the County Treasurer. This tax receipt for 1959, the year in which taxes had last been paid upon the property, listed Phillip Redeye as the record title-owner and noted the mailing address to be: c/o Mrs. Geraldine Huey, 2400 Donovan, Bellingham, Washington.

These notices were returned to Adkins marked "Moved -- Not Forwardable." Adkins then published the statutory notice required by Section 84-4151, R.C.M., 1947 in the "Western News" on February 10th and 17th, 1966. Adkins then proceeded to obtain a tax deed to the property on May 4, 1966.

Appellants argue that, although Phillip Redeye was still listed as the record title-owner on the treasurer's tax rolls, nevertheless Adkins could easily have searched the probate judgment book, found the order and decree, and thus determined the true owners of the property. Appellants claim that Adkins' failure to conduct such a search resulted in defective notice because Adkins' efforts at giving notice completely excluded the minor, Marlin Duane Huey, from the notice process.

The duty owed by a tax deed applicant for discovering all true owners of property and their correct addresses was recently discussed by this Court in Madden v. Zimmerman (1975), 166 Mont. 285, 532 P.2d 414. In Madden we stated that:

> "The statute (§84-4151, R.C.M. 1947) sets forth the notice required by a petitioner for a tax deed, to require more is not within the power of this Court. To require the petitioner to

> search other or all legal records and to be on
> notice of all legal publications which may
> affect title to the property would be onerous.
>
> ". . .
>
> "Therefore the burden must fall to the tax-
> payer to keep the taxing authorities informed
> of his interest in the land and his current
> address." (citation omitted) 166 Mont. at
> 289-290, 532 P.2d at 417.

Applying this holding to the instant case, it is clear that appellants had a duty to keep the Lincoln County taxing authorities apprised of their correct address. Such action was never taken. Adkins conducted the search required of him to ascertain the owners of the property. He then complied with the requirements of Section 84-4151, R.C.M., 1947, relating to the giving of notice. Adkins attempted to give notice by registered mail; once this failed he resorted to the statutorily permissible mode of notice by publication.

We hold that Adkins' compliance with Section 84-4151, R.C.M., 1947, afforded Geraldine, personally, and Marlin Duane, through Geraldine, his guardian of both person and estate, proper notice of the application for tax deed. Although the question has not arisen often or recently, other jurisdictions have held that notice by publication is sufficient as to a minor's interest in real property. Hardy v. Beaty (1892), 84 Tex. 562, 19 S.W. 778; Wheeler v. Scully, et al. (1872. Ct. of App.), 50 N.Y. 666. 42 Am.Jur.2d, Infants, §197, provides in part:

> "Moreover, the rules that unknown claimants
> of property may be served by publication and
> that a judgment rendered against them is valid
> at least to the extent that it is in rem or
> quasi in rem apply to infant defendants."

Therefore, we hold Dave A. Adkins properly complied with all necessary statutory requirements for obtaining a tax deed and the deed issued by the Lincoln County Treasurer

on May 4, 1966 is valid. The issue of adverse possession is moot.

Appellants' allegation regarding the negligence of the attorney who probated Phillip Redeye's estate and who handled the guardianship proceedings for Geraldine Redeye was never raised in the pleadings nor presented to the District Court. As previously stated, issues must be presented before the District Court and may not be raised for the first time on appeal. Kearns v. McIntyre Const. Co. (1977), supra. Therefore, this Court declines to review appellants' second issue.

The judgment of the District Court is affirmed.

Justice

We Concur:

Justices