No. 83-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

ELIZABETH L. LONG,

Plaintiff and Appellant,

-vs-

CLIFTON E. DILLON, HARRIET L. RYAN,
GRANITE COUNTY TREASURER, and the
GRANITE COUNTY CLERK & RECORDER,

Defendants and Respondents.

---

APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Granite,
               The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Terry A. Wallace, Missoula, Montana

     For Respondent:

          James Bartlett; Hash, Jellison, O'Brien & Bartlett,
          Kalispell, Montana
          J. Allen Bradshaw, Philipsburg, Montana

---

Submitted on Briefs:   November 10, 1983

Decided:   March 29, 1984

Filed:   MAR 29 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Elizabeth L. Long (Long) appeals from a summary judgment against her entered in the District Court, Third Judicial District, Granite County, on her claim to set aside and cancel a tax deed, and for other relief.

Robert G. Mitchell and Niola M. Mitchell recorded a warranty deed in June, 1971 in Granite County, by which they acquired record title to real property described for brevity as Lot 13 in Ranch Creek Meadows Two in Granite County.

The Granite County Treasurer assessed the real property on the County Assessment books for the year 1975 in the name of R. G. Mitchell, c/o Gordon L. and Elizabeth L. Long, and levied taxes for that year in the sum of $48.04.

The taxes were not paid and the real property was sold at a tax sale. There being no bidder at the tax sale, the real property was struck off to Granite County as purchaser on August 18, 1976 for the delinquent taxes.

On June 15, 1978, a quit claim deed was recorded with the County Clerk and Recorder in Granite County from Gordon L. Long to Elizabeth L. Long. On June 15, 1979, the real property still remained unredeemed from the tax sale. At that time, Clifton E. Dillon paid the Treasurer of Granite County the amount for which the real property was sold to Granite County, together with all subsequent delinquent taxes, penalties, costs and interests, amounting in all to the sum of $366.66, whereupon the County Treasurer of Granite County assigned all of the county's interest in the real property to Dillon.

On July 2, 1979, Dillon prepared and mailed a notice of application for tax deed, substantially in compliance with

section 15-18-202, MCA, addressed to "R. G. Mitchell, c/o Gordon L. and Elizabeth L. Long". The notice was enclosed in an envelope and addressed to "R. G. Mitchell, c/o Gordon L. and Elizabeth L. Long, Rte. 1, Box 1465, Clinton, Montana, 59825" by certified mail, with returned receipt requested. The post office returned the unopened letter to Dillon with a notation thereon "Addressee Unknown."

The affidavit of Long indicates that she received in the mail the certified letter which enclosed the notice, but that she did not open it because it was certified and because it was addressed to R. G. Mitchell instead of to Long.

After the certified letter was returned, Dillon caused to be published in the Philipsburg Mail, a newspaper published in Granite County, a notice of application for tax deed substantially in compliance with section 15-18-202(3), MCA, except that the notice is undated. The first publication occurred on July 12, 1979.

On September 11, 1979, Clifton Dillon executed and filed with the Granite County Treasurer an affidavit of service of notice of application for tax deed (see section 15-18-202(5), and 204, MCA) which we quote in pertinent part:

> "Clifton Dillon, Being first duly sworn, deposes and says:
> That Notice of Application for Tax Deed on the following described property, to-wit: [here follows a description of the real property] was served upon R. G. Mitchell & Gordon & Elizabeth Long, record owner of said land, by placing a copy of said Notice in a registered letter addressed with the last known mailing address of said R. G. Mitchell & Gordon & Elizabeth Long, postage prepaid, and mailed at the United States Post Office in Kalispell on July 2, 1979, which date was sixty (60) or more days prior to the date of application for a Tax Deed on said property;. . ."

The affidavit as aforesaid, together with the unopened certified mail envelope was filed with the County Treasurer,

- 3 -

who on September 11, 1979, issued a tax deed for the real property to Clifton E. Dillon in the manner prescribed in section 15-18-205, MCA.

On January 21, 1981, Long filed a complaint against Dillon, the Granite County Treasurer and the Granite County Clerk and Recorder, alleging she had sought to redeem the property, but had been refused by the defendant County Treasurer. She sought cancellation of the tax deed, and damages for defamation of title to the land and for mental and emotional distress, plus attorneys fees.

On March 29, 1982, a warranty deed from Robert G. Mitchell and Niola M. Mitchell was recorded deeding title to the real property to Gordon L. Long and Elizabeth L. Long, the plaintiff herein.

Dillon moved the District Court for a summary judgment of dismissal. After considering the various affidavits and records on file the District Court granted the motion, relying on our case of Adkins v. Redeye (1981), 196 Mont. 114, 639 P.2d 485. The District Court noted that all tax notices, which Long was aware were due and payable yearly, had been received by her and mailed in the same manner and form as the notice of application for tax deed which she had declined to accept. Judgment of dismissal was entered based on the order granting summary judgment and this appeal ensued.

The single issue to be determined by us is whether Long, as an owner of the property here involved was properly served by Dillon with notice of his application for a tax deed.

In pertinent part, section 15-18-202, MCA, provides:

> "Notice of application for tax deed (1) The purchaser of property sold for delinquent taxes or his assignee must. . . at least 60 days before he

> applies for a deed, serve upon the owner of the
> property purchased, if known, any purchaser of the
> property under contract for deed, if known,. . . a
> written notice stating that said property or a
> portion thereof has been sold for delinquent taxes
> giving. . . the time. . . when the purchaser will
> apply for a tax deed. . ."

Unless such notice is given to the owner of the real property, the time for redemption continues indefinitely. Section 15-18-202(1); Madden v. Zimmerman (1975), 166 Mont. 285, 291, 532 P.2d 414; Beckman Brothers v. Weir (1947), 120 Mont. 305, 184 P.2d 347.

In each county, an assessment book must be kept in which appears the names of the person to whom the property is assessed. Section 15-8-701, MCA. If the owners are absent or unknown, the assessment is made to unknown owners. 15-8-501, MCA. Once land is listed in the assessment book, it need not be described a second time, but any person claiming the same and desiring to be assessed therefor may have his name inserted with that of the person to whom such land is assessed. Section 15-8-702, MCA. In the usual course it seems that the names and addresses of owners of the property are determined by the County Treasurer's office by referring to its records, which are taken from the classification department's records, which are in turn taken from the Clerk and Recorder's records. (See Madden v. Zimmerman, supra, 166 Mont. at 288, 532 P.2d at 416).

We have held that the burden falls to the tax payer to keep the taxing authorities informed of his interest in the land and his current address. Madden v. Zimmerman, supra, 166 Mont. at 289-90, 532 P.2d at 417.

In Adkins v. Redeye, supra, the real property was assessed to Phillip Redeye, c/o Mrs. Geraldine Huey, 2400

Donovan, Bellingham, Washington. Adkins mailed a notice of application for tax deed to Redeye at the address shown on the assessment list and the notices were returned to Adkins marked "Moved - Not Forwardable." Adkins then published the statutory notice and proceeded to obtain the tax deed to the real property. It was contended in the case that if Adkins had searched the probate judgment book, he would have found an order and decree of distribution which would have revealed the true owners of the property. This Court held, following the decision in Madden v. Zimmerman, supra, that the applicant for a tax deed is not required to search all of the legal records and to be on notice of all legal publications that may affect title to the property.

While Adkins v. Redeye, supra, might seem to apply to the case at bar, there is a substantial difference. In his affidavit to procure the tax deed, Dillon stated that he had served notice of application for tax deed upon "R. G. Mitchell and Gordon and Elizabeth L. Long" by mail. While he attempted to serve R. G. Mitchell by mail, it is not accurate to state that he had so served Gordon and Elizabeth Long.

The command of section 15-18-202, MCA, is that a notice of application for tax deed must be served upon the owner of the property purchased, "if known." The statute is not limited to the names appearing on the assessment list, though we have held that a purchaser need not go beyond the records of the County Treasurer in determining the owner of property in cases such as this. Madden, supra.

In Fariss v. Anaconda Copper Mining Company ( D.C. Mont. 1940), 31 F.Supp. 571, Judge Pray noted that the term "owner" in a like statute included the plural if there is more than one owner. He also noted our holding in Small v. Hull

- 6 -

(1934), 96 Mont. 525, 32 P.2d 4, that such a statute, so far as it attempts to bar the owner's right to attack a deed issued without notice of the application therefore, amounts to a taking of property without due process of law.

When as here, the applicant for the tax deed recites in his affidavit that he has served by mail an owner of the property, and such statement is not accurate, the applicant's tax deed issued based on the affidavit is void and of no effect. We held in Lowery v. Garfield County (1949), 122 Mont. 571, 208 P.2d 478 that the giving of a notice to an owner is jurisdictional and unless the requirements of the law in respect to such notice are complied with a tax deed may not legally issue.

In reaching this decision, we give no effect to the deed to Elizabeth L. Long from Gordon L. Long since that instrument was outside of the chain of title. Our decision is based upon the inaccuracy of Dillon's affidavit that he had served an owner by mail when in fact such service had not occurred. Under Lowery, supra, a tax deed based on such an affidavit may not stand.

A second issue, raised by Dillon on appeal was that Long's appeal here was not timely. The contention is based on whether the 30 day period for appeal or the 60 day period provided when an officer or agency of a political subdivision is involved, is applicable. Rule 5, M.R.App.Civ.P. Dillon contends there was no real controversy between Long and the officers of Granite County and therefore the 30 day limitation ought to apply. However, Rule 5 does not admit of such an exception. Since an officer or agency of a political subdivision is a party to this action, an appellant has 60

- 7 -

days from the service of notice of entry of judgment in which to file notice of appeal. That occurred here.

This cause is affirmed in part and reversed in part. We affirm the order and judgment of the District Court granting summary judgment and dismissing the complaint against the officers of Granite County. We reverse the summary judgment insofar as Long is concerned, and remand the cause to the District Court for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____   _____
Justices

Mr. Justice Frank B. Morrison, Jr. dissents as follows:

I dissent. The majority bases its decision on an inaccurate statement in Dillon's affidavit of service. The majority concludes that because of this defect a tax deed issued based on the affidavit is void. This rationale avoids the real issue in this case: Who must a tax deed applicant notify under section 15-18-202, MCA?

The statute specifically and exclusively sets forth the steps required of a tax deed applicant to notify the property owner. The statute requires service of notice "upon the owner of the property purchased, if known." "The owner" might mean the legal owner, the equitable owner, the owner as disclosed by the records of the Clerk and Recorder, any of the above, or all of the above.

I would hold that "owner" as used in this statute means the person appearing on the assessment list as the owner of the property. 72 Am. Jur. 2d 220, §924.

The reasons for such a construction are fourfold. First, the phrase "if known" in subsection (1) of the statute indicates that the tax deed applicant does not have a burden to divine equitable owners where their interests are unknown. Second, subsection (2) of the statute requires that the "owner" is to be notified at the address disclosed by the mortgage records. I infer that the owner to be notified is the one who uses that address. Third, subsection (2) indicates that notification of any known owner is sufficient where the property is unoccupied. Thus, notification of an equitable owner should not be required in addition to notification of the record owner.

Finally, cases which have discussed the duty owed by tax deed applicants for discovering owners entitled to notice, have limited that duty:

9

> "To require the petitioner to search other or all legal records and to be on notice of all legal publications which may affect title to the property would be onerous. . . Therefore the burden must fall to the taxpayer to keep the taxing authorities informed of his interest in the land and his current address." (emphasis added)

Madden v. Zimmerman (1975), 166 Mont. 285, 289-90, 532 P.2d 414, 417. Adkins v. Redeye (1981), 196 Mont. 114, 120, 639 P.2d 485, 488.

Dillon gave the statutory notice with the proper dates inserted, by certified mail to the owners of the property as disclosed by the record, utilizing the address of record, namely, R. G. Mitchell, c/o Gordon L. and Elizabeth Long, Route 1, Box 1465, Clinton, Montana, 59825, and thereby satisfied the statutory written notice requirement.

Dillon satisfied all requirements of an applicant for tax deed as a matter of law. I would therefore find the decision of the District Court granting summary judgment in favor of Dillon to be proper.

_____
Justice

10