MR. JUSTICE MORRISON,
dissenting:
I dissent. The majority bases its decision on an inaccurate statement in Dillon’s affidavit of service. The majority concludes that because of this defect a tax deed issued based on the affidavit is void. This rationale avoids the real issue in this case: Who must a tax deed applicant notify under Section 15-18-202, MCA?
The statute specifically and exclusively sets forth the steps *497 required of a tax deed applicant to notify the property owner. The statute requires service of notice “upon the owner of the property purchased, if known.” “The owner” might mean the legal owner, the equitable owner, the owner as disclosed by the records of the Clerk and Recorder, any of the above, or all of the above.
I would hold that “owner” as used in this statute means the person appearing on the assessment list as the owner of the property. 72 Am.Jur.2d 220, Section 924.
The reasons for such a construction are fourfold. First, the phrase “if known” in Subsection (1) of the statute indicates that the tax deed applicant does not have a burden to divine equitable owners where their interests are unknown. Second, Subsection (2) of the statute requires that the “owner” is to be notified at the address disclosed by the mortgage records. I infer that the owner to be notified is the one who uses that address. Third, Subsection (2) indicates that notification of any known owner is sufficient where the property is unoccupied. Thus, notification of an equitable owner should not be required in addition to notification of the record owner.
Finally, cases which have discussed the duty owed by tax deed applicants for discovering owners entitled to notice, have limited that duty:
“To require the petitioner to search other or all legal records and to be on notice of all legal publications which may affect title to the property would be onerous . . . Therefore the burden must fall to the taxpayer to keep the taxing authorities informed of his interest in the land and his current address.” (Emphasis added.)
Madden v. Zimmerman (1975), 166 Mont. 285, 289-90, 532 P.2d 414, 417. Adkins v. Redeye (1981), 196 Mont. 114, 120, 639 P.2d 485, 488.
Dillon gave the statutory notice with the proper dates inserted, by certified mail to the owners of the property as disclosed by the record, utilizing the address of record, namely, R. G. Mitchell, c/o Gordon L. and Elizabeth Long, *498 Route 1, Box 1465, Clinton, Montana, 59825, and thereby satisfied the statutory written notice requirement.
Dillon satisfied all requirements of an applicant for tax deed as a matter of law. I would therefore find the decision of the District Court granting summary judgment in favor of Dillon to be proper.