No. 84-265

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

MATHEW BROWN,

Plaintiff and Appellant,

-vs-

FERN HART, Missoula County Clerk and Recorder, County Treasurer; ROBERT PALMER and BARBARA EVANS, Missoula County Commissioners; et al.

Defendants and Respondents.

---

APPEAL FROM: District Court of the Fourth Judicial District, In and For the County of Missoula, The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana

For Respondent:

Robert L. Deschamps, III, County Attorney, Missoula, Montana
Milodragovich, Dale & Dye, Missoula, Montana

---

Submitted on briefs: Sept. 20, 1984

Decided: December 6, 1984

Filed: DEC 6 1984

Ethel M. Harrison

Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by plaintiff from the Missoula County District Court's denial of his claim for rescission of a tax deed issued by the County to defendant Bruce Blotkamp. The sole question on appeal is whether Montana's tax collection laws governing real estate apply to improvements located on tax-exempt lands.

In 1976, Mathew Brown purchased a log cabin located on Forest Service land. He did not report the change of ownership to the Department of Revenue, and tax bills continued to be sent to Brown's predecessor in interest, Don Reardon. Brown apparently paid the 1977 taxes and the first installment of the 1978 taxes. He made no further tax payments. Notices of the delinquencies were mailed to Reardon, as owner of record, but returned to the County as undeliverable. The County eventually took a tax sale certificate and later conveyed the cabin to Blotkamp by tax deed. In 1983, a week after the County had issued the tax deed, Brown tendered payment of all past due taxes. The County refused to accept the payment. Brown then brought suit seeking rescission of the tax deed. The District Court found for the defendants. We affirm.

Appellant does not challenge the sufficiency of the process employed by the County in taking or conveying real property. He contends, instead, that a separately owned improvement is personal property and, so, not subject to the real property recording requirements and not subject to tax sale as real estate. Brown argues that, although the cabin--as a building situated upon land--may come within the section 15-1-101(1)(e), MCA, definition of "improvements" for

purposes of real property assessment, the cabin is not an improvement affixed to land for purposes of the reporting act and not "real estate" for purposes of the tax sale provisions. The contentions arise from appellant's misapprehension or misapplication of the laws of property and taxation. The cabin is real property and an interest in the cabin is an estate in real property subject to the Title 15, Chapter 17 tax sale provisions. Sections 15-17-101 through 15-17-903, MCA.

I

The Realty Transfer Act is included within the Title 15 statutory scheme governing taxation of property. See sections 15-7-301 through -311, MCA. Where not superseded by the Act's definitions, the section 15-1-101, MCA, taxation definitions apply. The taxation definitions are, in turn, supplemented by the Title 70 property definitions. Section 1-2-107, MCA. The Transfer Act requires that "[a]ll transfers of <u>real property</u> . . . shall be reported to the department of revenue." Section 15-7-304(1), MCA. (Emphasis supplied.) Neither the Act nor the taxation statutes specifically define "real property." [The Transfer Act defines "real <u>estate</u>" to include improvements affixed to land, but the terms "real property" and "real estate" are not interchangeable. Real property describes the thing, itself; real estate describes an interest in real property. Sections 70-1-101, -106, -301, MCA.]

While the "real property" of section 15-7-304, MCA, is not specifically defined for purposes of recording and taxation, the definition can be arrived at, either directly or

indirectly, through a pairing of the laws of property and taxation.

The cabin in question is located on Forest Service land on Seeley Lake. It was built more than twenty years ago and, although it lacks a foundation, is "affixed" to the land by means of water and sewer lines. No hair-splitting distinctions are, however, required. The cabin, so long as it remains upon the land, is real property. "Real or immovable property consists of . . . that which is affixed to land." Sections 70-1-106, 70-15-101, MCA. "A thing is deemed to be affixed to the land when it is . . . permanently resting upon it, as in the case of buildings." Section 70-15-103, MCA. Where property is affixed to the land of another, "permanently" normally becomes a question of the parties' intent, but "[n]either the rules of the common law governing the relationship between the owner of the land and the lessee, nor the intention of the parties as expressed in their contract are controlling in the field of taxation." Pacific Metal Co. v. Northwestern Bank (Mont. 1983), 667 P.2d 958, 962, 40 St.Rep. 1301, 1305. An objective test applies: the taxing authority need only observe the structure; the present or future intentions of the parties are irrelevant. The cabin is a building resting upon the land. The fact that it may be moved or may have to be removed in the future does not, for tax and recording purposes, change the nature of the cabin as real property.

A less direct analysis yields the same result. Property must either be real or personal. Section 70-1-105, MCA. Personal property, when used in connection with taxation, is defined as everything that is not included within the meaning of the terms "real estate" and "improvements." Section

15-1-101(1)(h), MCA. Taxable real property must, then, as the sole remaining category, include all improvements. The cabin is, by definition, an "improvement." Section 15-1-101(1)(e), MCA (defining improvement to include all buildings situated upon land). The cabin is real property for purposes of recording as well as taxation. Section 15-7-302, MCA (tying recording to taxation by stating that the purpose of the Act is to facilitate tax assessment). Brown was required to give notice to the County of the transfer of cabin ownership. Section 15-7-304, MCA.

While all property owners are held to a knowledge of the taxation and recording laws, there may appear to be a certain injustice in imposing upon the property owner a duty to follow the legislature's circuitous route to a definition of taxable real property. No claim of undue burden or inequitable result can be made in the present instance. Brown was a licensed real estate broker when he purchased the cabin. He knew or should have known that such bills of sale are routinely recorded. He, in fact--and, perhaps, most importantly--paid at least three installments of real property tax on the cabin. Brown may not shift to the taxing authority the burden of discovering his interest in the cabin or of keeping informed of his predecessor's current address. Madden v. Zimmerman (1975), 166 Mont. 285, 290, 532 P.2d 414, 417. Brown was required, by statute, to report his purchase of the cabin to the department of revenue. His failure to receive notice of the delinquencies and tax sale is a direct result of his knowing violation of the reporting requirements. He may not, now, claim that a grave injustice has been done. Section 1-3-208, MCA.

II

In addition to questioning the applicability of the reporting laws, Brown challenges the authority of the County to sell the cabin as real estate. He argues that the real property sale and redemption provisions apply only to real estate and land, not improvements. Brown contends that, while the cabin may be defined as real property for purposes of assessment, it is, nevertheless, personal property and must be sold under the statutory provisions covering tax sales of personal property.

Appellant's contentions are without merit. Although Brown is correct in concluding that the tax collection statutes do not <u>specifically</u> address the instance of separately owned improvements, his conclusion that the cabin should have been sold as personal property--a category from which it is expressly excluded--is incorrect. One of the only two significant results of his interpretation would be to rob like owners of improvements of their statutory right of redemption. Logic and fairness require like treatment of all owners of real property.

Section 15-24-1104, MCA, provides that, <u>in addition to all other remedies available for the collection of taxes</u>, a county may bring action for the collection of taxes due on private interests held in federal tax exempt lands. Contrary to appellant's contentions, the County was not <u>required</u> to bring action. It had the option to proceed, as it did, under the general tax collection provisions. The provisions relied on by the County refer to land and real estate rather than to real property. See, sections 15-16-101 through 15-18-404, MCA. The County was not required to bring the section

15-24-1104, MCA, suit for collection or to proceed in the manner of sales of personal property.

The tax statutes define real estate to include the possession of, claim to, ownership of, or right to the possession of land. Section 15-1-101(1)(k), MCA. Brown's, and, now, Blotkamp's possessory interest in the leased land is, by definition, real estate and clearly subject to the real estate sales provisions. An ownership interest in the cabin is not, however, an interest in land. The section 15-1-101(1)(k), MCA, definition does not expressly apply but neither does it expressly limit the interests to be included within the meaning of "real estate." [Compare the section 15-1-101, MCA, definitions employing the words "means" or "shall mean" in place of the subsection (k) nonexclusive "includes."] We have already concluded that the cabin is real property for purposes of taxation. Any interest in real property is, by tradition and statute, denominated an estate. Section 70-1-301, MCA. We hold that an interest in improvements situated upon tax-exempt land is real estate for purposes of tax sale and is required to be treated by the taxing authority in like manner as all other real estate. The present tax sale conformed to this requirement. Our holding is in accord with the legislature's express intent that separately owned improvements be regarded as real estate. See, sections 15-8-701(2)(g), MCA (requiring that improvements located on tax-exempt land be assessed in the same manner as other real estate); 15-18-309, MCA (providing that, where land is owned by the United States, a tax deed issued to an individual is prima facie evidence of a right of possession).

The cabin was subject to tax sale as real estate. The order of the trial court is affirmed.

Chief Justice

We concur:

Justices

Mr. Justice Fred J. Weber:

I concur in the result.

Justice